$500 is the fine imposed by the statute for keeping a Faro Bsnk.

---

# Bridgeford *vs* The city of Lexington.

WARRANT.

## ERROR TO THE LEXINGTON CITY COURT.

*Retailing spirits. Witnesses. Judgment.*

*Case* 14.

JUDGE BRECK delivered the opinion of the Court.

*September* 22.

THE judgment in this case, in the opinion of this Court, is erroneous and must be reversed, and for the following reasons:

BRIDGEFORD
*vs*
CITY OF LEXING-
TON.

1st. The warrant or summons issued by the Clerk of the City Court, and which is the foundation of the proceeding, is defective and insufficient. It requires the defendants to appear before the City Court, "to answer to the city of Lexington why they should not be fined for presuming to sell by retail, without a proper and legal license so to do, any quantity of wine, brandy, whiskey, &c., on the 11th February, 1846," &c.

A warrant issued by the Clerk of the City Court "for presuming to sell by retail without a license so to do, any quantity of wine, brandy, whiskey &c." is too indefinite a charge to authorize a judgment by the City Court under the city ordinance, which makes it penal "to sell by retail less than a quart."

This hardly amounts to a charge of having actually sold, on the day named, by retail, any quantity of wine, brandy, whiskey, &c. But if susceptible of that construction, and it contains that charge, yet the charge itself, we think, is insufficient. To sell by retail *any quantity*, is too indefinite. In one statute the selling by retail, in any quantity less than a gallon, is prohibited. In another there is a provision that merchants shall not be prohibited from retailing liquors, except in a smaller quantity than one quart. So that the term *retail*, when used in reference to the selling of spirituous liquors, cannot be considered as having, as contended, a definite, technical, legal meaning as to the quantity sold. But the selling charged in the warrant, is stated to be against the ordinance of the city of Lexington. The ordinance to which we are referred, and as appears from a copy before us, prohibits the selling by retail, less than a quart. The warrant is, therefore, deemed insufficient.

The Marshals of the city of Lexington, whose fees are all contingent, depending upon the conviction of the accused, are incompetent witnesses against persons charged with violations against retailing; their interest though small is direct.

2d. The Court erred in receiving the testimony of the two city Marshals. They were both interested in the conviction of the defendant. Their fees for the service of process, the summoning of witnesses, and in a word all their fees in the case were contingent upon a judgment being rendered for the city. If the defendant or defendants were not convicted, they were entitled to no fees. It is true the interest is inconsiderable, but it is a direct interest and sufficient, we think, to render them incompetent as witnesses.

It may be important, as contended, that such officers should be witnesses. Their efforts for the detection and punishment of offenders and violators of the penal laws, may be necessary, and indeed a part of their duty; and if so, public policy requires that such provision should be

made for their services and fees, as to remove all objection to their competency as witnesses.

3d. The Court erred in rendering a judgment against the defendant for twenty dollars, the price for two distinct offences, and as proved, at different periods. The warrant, if sufficient, charges but one offence.

The judgment is reversed and the cause remanded, with directions, as the warrant is deemed insufficient, to sustain the motion in arrest of judgment.

*Combs & Shy* for plaintiff; *Hunt* for defendant.