## Smith v. Commonwealth.

(Decided January 9, 1923.)

### Appeal from Pike Circuit Court.

Intoxicating Liquors—Consent That Premises May Be Searched.—One who voluntarily consents that his premises, vehicle or other property may be searched by a peace officer, cannot thereafter complain that the search was made without a warrant; nor will he after giving such consent, and while the search is being conducted by the peace officer without a search warrant, be permitted to withdraw such consent in order to prevent the discovery by

such officer of evidence that might conduce to prove him guilty of some offense against the law.

ROSCOE HANOVER and W. W. BARRETT for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, Ballard Smith, complaining of his conviction in the Pike circuit court, by verdict of a jury and the judgment entered thereon, of the offense of unlawfully having in his possession intoxicating liquor, and also of that court's refusal to him of a new trial, seeks by this appeal to obtain a reversal of the judgment. The prosecution originated under a warrant charging appellant with the offense, issued by the judge of the Pike county court, and on his trial in that court under the warrant the appellant was convicted. He thereupon prosecuted an appeal from the judgment of the county court to the circuit court, the trial in the latter court resulting as above indicated. The punishment inflicted upon him on each trial was a fine of $100.00 and confinement of thirty days in jail.

It is insisted by the appellant that his conviction was unauthorized, because obtained by means of incompetent evidence erroneously admitted by the trial court over his objection; and that the court further erred in overruling his motion, made at the conclusion of the evidence, for an instruction peremptorily directing his acquittal by verdict of the jury. The alleged incompetent evidence was furnished by the testimony of Nelse Hunt, a deputy sheriff, respecting his discovery of whiskey in appellant's possession, its seizure, the arrest of the latter and the means by which these ends were accomplished.

The transaction occurred in the village of Freeburn, Floyd county, and so much of the testimony of Hunt as throws any material light on what then took place, is as follows: "Well, I had just been in the barber shop, and as I came out into the road, he (appellant) drove up and stopped his wagon and I happened to have my gun and holster on the outside that day; and I said (to appellant) what are you doing here today? and I walked up to the wagon and could smell moonshine whiskey. I thought I would not make any search, and I had been told and it had been reported to several different ones that he had been hauling moonshine in there; and I went towards the

middle of the wagon and put my foot upon the rocking bolster of the wagon and he said what are you doing with that large gun, and I did not answer him, and he again said I never did see you carry it out on the outside, and I said I just happened to have it that way. And I then said have you some whiskey down here, and he said no, and I said I will just see for myself, and he said *go on and see, that is all right, I haven't got any moonshine whiskey;* and I examined the boxes and did not find any and I just reached over and looked, or just started to look, in his saddle pockets, and when I did that he turned around and made an effort to get the saddle pockets, begun to jerk down towards them. I could not state for sure that he had reached his saddle pockets, but I thought he was grabbing for a gun, and I just grabbed at my gun and said don't you make any effort, and I got a hold of my gun and reached and got hold of his saddle pockets, and I found one quart and about one-half of a pint and that one-half pint bottle had been jarred pretty heavy and the stopper had come out, or a part of it, and about one-half of the cork had been eaten up, and it was spewing out of the bottle and that made a strong odor, and that is why I mostly made the search.''

The witness further stated that he did not have a search warrant; and that the searching in which he engaged was made with the consent of the appellant, and while the latter endeavored to prevent the witness from getting the saddle pockets containing the whiskey by removing them from his reach and throwing them from the wagon in order to break the bottle and keep him from getting the whiskey, he did not during the struggle over the saddle pockets or at any time theretofore withdraw the consent he had previously given the witness to make the search for the whiskey or order him to discontinue it.

The only evidence introduced in behalf of the appellant was furnished by his own testimony, in giving which he denied that he consented for Hunt to search his "belongings," but substantially admitted that he acquiesced in his doing so until he attempted to inspect the saddle pockets in which the whiskey was concealed; and even then he did not order Hunt to discontinue the search, but merely resisted his attempts to get the saddle pockets by himself throwing them on the ground for the purpose, as he frankly admitted, of breaking the bottles and destroying the whiskey they contained to prevent its seizure by Hunt. According to the appellant's further testimony

the saddle pockets were on the wagon seat on which he was riding and covered by his raincoat, which he doubtless believed would conceal them from prying eyes.

The appellant also testified that he yielded to the search made of his wagon by Hunt because of his fear of the latter's pistol, which he at one time placed at his (appellant's) breast. But this was denied by Hunt, who testified that he did not draw his pistol until he saw appellant reach for the saddle pockets for the purpose, as he supposed, of getting from them a pistol, and that he (Hunt) did not then or at any time present his pistol at the appellant's breast.

This testimony of Hunt as to the time of drawing his pistol and the cause of his doing so, was corroborated by the appellant, who on his cross-examination (pages 10 and 11 bill of evidence), following an admission of having falsely told Hunt that he had no whiskey in his wagon, admitted that Hunt "grabbed his pistol out" on him, after he (appellant) grabbed the saddle pockets to throw them from the wagon.

In view of the evidence as a whole we are not surprised that the jury accepted the testimony of Hunt in preference to that of appellant. In so doing they necessarily found that the search made by the former of the latter's wagon, including the saddle pockets, was with his voluntary consent, for they were told in the third and final instruction of the trial court that unless they believed from the evidence beyond a reasonable doubt that the search was with the appellant's consent, they should find him not guilty. This instruction was eminently proper, for without a search warrant, the absence of which was admitted in this case, Hunt, the deputy sheriff, could not legally have made the search in question, except with the appellant's consent; and without such consent all evidence as to the search and the discovery and seizure of the whiskey resulting therefrom, would have been incompetent and inadmissible. Hence it follows that the trial court's admission of the evidence complained of by the appellant in this case was not error. And as in our opinion the evidence authorized the submission of the case to the jury and was sufficient to support the verdict, it likewise follows that the court's refusal to direct a verdict of acquittal as requested by the appellant, was not error. In Bruner v. Comlth., 192 Ky. 386, we held that one who voluntarily agrees that his premises may be

searched by a peace officer, cannot thereafter complain that the search was made without a warrant. And manifestly it would be but an amplification of the above principle to declare that where one voluntarily consents to a search of his premises, vehicle, or other property by a peace officer without a search warrant, he will not after such search has commenced and while it is in progress, be permitted to withdraw such consent in order to prevent the discovery by the peace officer of evidence that might conduce to prove him guilty of the offense charged in the search warrant.

The record discloses no legal cause for disturbing the verdict, and the judgment is therefore affirmed.