## Hale v. Commonwealth.

(Decided January 12, 1923.)

### Appeal from Floyd Circuit Court.

1. Intoxicating Liquors—Search Warrant—Evidence.—Whether a search warrant is required where the officer saw the imprint of jars on a sack carried by defendant and heard them rattling

against each other, and the other facts and circumstances strongly indicated that the contents was whiskey, is a question not decided, since upon discovery by the officers the defendant put down the sack and said to the officers, "You've got me," which was tantamount to a confession of guilt of some crime authorizing his arrest rendering the subsequent discovery of the whiskey in the sacks competent evidence.

2. Intoxicating Liquors—Accomplices.—Where defendant and another, each carrying separate sacks containing whiskey, were arrested at the same time, neither of them is an accomplice with the other, since they are guilty of separate and independent violations, there being no joint possession or transportation of either of the sacks or packages.

A. J. MAY for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On appeal to the Floyd circuit court from a judgment of conviction in the quarterly court of that county the appellant, J. Nelson Hale, was convicted of the offense of unlawfully having in his possession intoxicating liquor for the purpose of sale. His motion for a new trial was overruled, followed by this appeal and his counsel in this court insists for a reversal of the judgment on two grounds, which are: (1), incompetent evidence offered and introduced by the Commonwealth over defendant's objections, and (2), failure of the court to instruct the jury upon the weight to be given the testimony of an accomplice, as required by section 241 of the Criminal Code of Practice.

But three witnesses were introduced by the Commonwealth, two of whom were officers and the third one was Sam England, who was arrested at the same time that defendant was and who was prosecuted under a separate charge. The officers testified, in substance, that they had information that whiskey was being manufactured and sold at some point on Canady's branch on a certain mountain side in the county and they secreted themselves at the side of a path running up the mountain, when in a short while, England, and defendant came along, each of them carrying a sack which the officers saw from the imprints on the sides contained receptacles of some kind, and they furthermore heard the rattling of the jars contained in the sacks. When England and defendant

saw the officers they each set their sacks down and said, "You've got me." The sacks were examined and each was found to contain about four half-gallon jars of moonshine whiskey, or about two gallons. The officers had no search warrant and it is strenuously contended under ground (1), that the testimony concerning the contents of the sack that defendant was carrying was incompetent because it was obtained without a search warrant.

As we have seen, the officers not only saw the imprints of the jars on the sides of the sacks, but they also heard the rattling they made, and these facts, together with the location, and other surrounding circumstances, might be sufficient to authorize them to arrest defendant without a warrant on the ground that the offense was committed in their presence; but whether so or not, when defendant put down his sack and said to the officers, "You've got me," it was tantamount to a confession that his sack contained contraband goods, otherwise he had committed no offense for which the officers could "get" him. They were authorized to arrest him, and under numerous opinions of this court they had the right to make the search and whatever evidence they found in doing so would be competent. There is, therefore, no merit in this contention.

Under insistence (2), it is urged that England was an accomplice of defendant and the court should have given the instruction with reference to the testimony of an accomplice. If the premises upon which the insistence is made were true, and the testimony of England was material, there can be no doubt of its correctness, but his testimony did not connect defendant with the possession of any whiskey. He merely said that defendant went along with him and traveled behind, but whether he had any whiskey in his possession witness did not know. That testimony was wholly immaterial, since the fact of defendant being along was thoroughly established by the other prosecuting witnesses and was one which is not contested. An effective answer, however, is that England was not an accomplice of defendant. There was no joint possession of the same package of whiskey, since England was in the exclusive possession of the sack in which he had whiskey, and the same was true as to defendant and the sack he was carrying. Each of them was in possession of different whiskey and was guilty of separate and independent violations of the law. Neither of them, under the circumstances, could in any sense be re-

garded as the accomplice of the other. There was no occasion, therefore, for giving the instruction contended for, and the court did not err in refusing to do so.

Nothing appearing, and nothing being urged which would impeach the fairness of the trial court, the judgment is affirmed.