## Robertson v. Commonwealth.

(Decided April 20, 1923.)

## Appeal from McCracken Circuit Court.

1. Intoxicating Liquors—Police Court Warrant Held Sufficient to Charge Unlawful Possession.—A police court warrant charging defendant with unlawfully having in his possession spirituous, vinous, malt, and intoxicating liquors, and negativing the exceptions permitting such possession for scientific, mechanical, medicinal, or sacramental purposes, is sufficient.

2. Intoxicating Liquors—Police Court Warrant Held Sufficient to Show Venue.—A warrant issued by the judge of Paducah police court which ran in the name of the Commonwealth of Kentucky, city of Paducah, and charged defendant with having in his possession intoxicating liquors in the city aforesaid, was sufficient to apprise defendant, who was a resident of the city, of the venue.

3. Arrest—Officer Can Arrest Without Warrant Man Seen Carrying Liquor in Pocket.—Under Criminal Code of Practice, section 36, authorizing a peace officer to make an arrest without warrant when a public offense is committed in his presence, police officers who saw a bottle containing whiskey sticking out of the pocket of defendant had authority to arrest him, since transporting liquor on one's person is a public offense.

4. Arrest—Criminal Law—It is Duty of Officers to Search Person Immediately on Making Arrest, and Evidence Procured Thereby is Admissible.—As soon as police officers have made an arrest of a man for an offense committed in their presence, it is their duty to search him, and evidence procured by such search is admissible.

5. Arrest—Evidence Held to Warrant Jury in Finding Officers Saw Whiskey Before Arresting Defendant.—Testimony by police officers that they saw a bottle containing whiskey in the pocket of defendant before arresting him, and saw part of the whiskey, held sufficient to warrant a finding that the arrest was justified, so that a search thereafter which revealed his possession of five other bottles of whiskey, was lawful, notwithstanding defendant's testimony that the coat he was wearing in court was the one he wore at the time of his arrest, and his demonstration that a bottle in the pocket referred to would show only a part of the neck.

REED & BURNS for appellant.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, and JACK E FISHER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Appellant Robertson was accused by warrant in the Paducah police court of the offense of unlawfully having

spirituous and intoxicating liquors in possession, not for scientific, mechanical, medicinal or sacramental purposes, and on trial was convicted and given a fine and jail sentence. From this judgment he appealed to the McCracken circuit court, where he was again tried and found guilty and his punishment fixed at a fine of $300.00 and confinement in the county jail for thirty (30) days. From the judgment entered upon the verdict he appeals to this court.

He filed a general demurrer to the warrant before the trial in the circuit court, which demurrer was overruled, and appellant excepted. He now complains that the warrant is defective in two respects: (1) that it does not sufficiently charge that the liquor which he had in possession was unlawfully obtained, and (2) that it did not properly lay the venue. The warrant charged appellant with unlawfully having in his possession spirituous, vinous, malt and intoxicating liquors, and negatived the exceptions. Such a charge has been held as sufficient by this court in many cases.

As stated above the warrant was issued by the judge of the Paducah police court. It ran in the name of the Commonwealth of Kentucky, city of Paducah. It was addressed to the chief or any policeman of the city of Paducah. It then charged appellant with having in his possession intoxicating liquors in the city aforesaid. The amendment to the warrant accused him of having it in his possession in the county aforesaid. As appellant was a resident of the city of Paducah and was haled before the Paducah police court, we think the warrant running in the name of the Commonwealth, city of Paducah, was sufficient to appraise him of the venue. The objections to the warrant are not well taken.

It is next insisted by appellant that in as much as there was no search warrant, all of the evidence given by the arresting officer who searched him, should have been excluded upon his motion. In substance the evidence shows that certain members of the police force of the city had a search warrant for a house in that city in which it was charged liquors were being sold in violation of law. Upon entering the house appellant, who was inside, made a dash for liberty and as he did so his coat flew back and exposed a bottle of liquor in his inside coat pocket. The officers testified they saw half of a pint bottle sticking out of his pocket and that it contained liquor. Upon seeing this, they arrested him and took him to police headquarters

and found five other pint bottles on his person filled with liquor.

By section 36 of the Criminal Code a peace officer may make an arrest without a warrant when a public offense is committed in his presence. Transporting liquor on one's person is a violation of the law—a public offense. When the officers saw the pint of whiskey sticking out of the pocket of appellant they had authority to arrest him. Indeed, it was their sworn duty. As soon as he was under arrest, it was the duty of the officers to search appellant. In making the search they found five other bottles of whiskey. He was a kind of perambulating bar room. Appellant does not deny he had the whiskey upon his person but he does strenuously insist that the liquor was not protruding from his pocket and was not seen by the officers before they arrested him; that only a small part of the neck and cork in the bottle was visible, and from this he insists that the officers did not and could not have known what the bottle contained; that so far as the officers could tell it might have been medicine, pluto or a popgun. To sustain him in this appellant testified he had on the same coat at the trial that he wore at the time of his arrest, and taking the bottle which the officers testified they saw protruding from his pocket, he placed it in the same pocket and demonstrated to the jury that only a part of the neck of the bottle could be seen. While this evidence was entirely relevant and calculated to have a telling influence upon the minds of the jury it did not do so in this case, as the verdict plainly shows. The jury chose to believe and rely upon the evidence given by the policemen to the effect that they saw the bottle sticking half-way out of appellant's pocket. This was sufficient evidence to sustain the charge in the warrant if believed by the jury. The weight of the evidence as well as the credibility of the witnesses is always for the jury.

In addition to the foregoing facts the Commonwealth introduced witnesses to and did prove that appellant's general reputation for dealing in intoxicating beverages was bad.

No error to the prejudice of the substantial rights of the appellant appearing, the judgment is affirmed.

Judgment affirmed.