## Ingle v. Commonwealth.

(Decided September 26, 1924.)

### Appeal from Letcher Circuit Court.

1. Intoxicating Liquors—Indictment Under Rash-Gullion Act should Not be Multifarious.—An indictment under the Rash-Gullion Act should not be multifarious any more than in prosecutions for other offenses.

2. Indictment and Information—Duplicity Waived in Absence of Demurrer or Motion to Require Election.—Where there was no demurrer nor any motion to require Commonwealth to elect, duplicity in indictment was waived.

3. Criminal Law—Evidence Unlawfully Obtained Without Search Warrant is Inadmissible.—Evidence unlawfully obtained by officer without search warrant is inadmissible.

4. Criminal Law—Evidence Discovered by Search of Person Legally Arrested, Admissible.—Evidence discovered by search of defend-

ant's person or his belongings in his immediate presence, upon his being legally arrested, is competent and admissible.

5. Arrest—Officer May Lawfully Arrest for Misdemeanor Under Warrant or Without Warrant if Committed in His Presence.—Officer may lawfully make arrest for misdemeanor under duly issued warrant, or, if misdemeanor is committed in his presence, without a warrant.

6. Arrest—Criminal Law—Officer Arresting for Offense Committed Within Presence Without Warrant Could Search Him for Evidence which would be Admissible.—Sheriff who had right to arrest one guilty of misdemeanor without a warrant could, after arrest, search him, and evidence obtained would be admissible against him.

7. Intoxicating Liquors—Facts Held Sufficient to Convince Officer Defendant was in Possession of and Transporting Whiskey, so that Search Warrant was Unnecessary.—That sheriff smelled liquor and saw fruit jars in saddlebags on defendant's horse and empty jars on ground where men were sitting was sufficient to convince him that defendant was in possession of and transporting whiskey or committing a misdemeanor in his presence and to justify search of saddlebags without a search warrant before arresting defendant, in view of Acts 1922, c. 33, section 12.

8. Arrest—Officer May Not Arrest Without Warrant Upon Suspicion or Hearsay.—Officer may not arrest without warrant, as for offense committed in his presence, upon bare suspicion or upon information furnished by another.

9. Arrest—What Constitutes Commission of Offense in Presence of Officer.—When evidence of commission of offense reaches officer through his senses and is sufficient to render ultimate fact morally certain and is augmented by other strongly persuasive facts in his possession, all conveying virtual knowledge to any normal mind that offense is being committed, and it turns out that he was correctly convinced, arrest will be upheld as for offense committed in officer's presence.

D. D. FIELDS & DAY for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, Nath Ingle, was convicted in the Letcher circuit court on his trial under an indictment charging him with the offense of transporting intoxicating liquors, not for permissible purposes, contrary to the provisions of our statute commonly known as the "Rash-Gullion Act." His motion for a new trial was overruled and from the judgment pronounced upon the verdict he prosecutes this appeal, contending through his counsel that the evidence introduced by the Commonwealth, which

was furnished by officers, was incompetent because it was not obtained under a search warrant. The indictment was grossly multifarious, an error which seems to pervade the practice in this kind of prosecution, and especially in some sections and districts, notwithstanding the repeated opnions of this court that the accused in a charge for violations of the act is entitled to have pointed out to him, in the accusatory paper, the specific offense for which the Commonwealth intends to try him, the same as in a prosecution for any other crime. However, there was no demurrer to the indictment nor any motion made to require the Commonwealth to elect and the error in the indictment was therefore waived.

All of the evidence heard upon the trial was furnished by witnesses introduced by the Commonwealth since the defendant did not testify nor introduce any witnesses in his behalf. The uncontradicted proof furnished by the Commonwealth was that the sheriff, and perhaps one or more deputies, were crossing Pine mountain in Letcher county and they overtook defendant, who was on his horse, by the side of the road talking to some men who were sitting upon the ground, and across the defendant's saddle was a pair of saddle pockets; each of the pockets was filled to capacity with fruit jars, the tops of which the officers could see, they being plainly in view, and he could also see the print of the other portions of the jars from the outside of the saddle pockets. The men on the ground who were talking to defendant had, scattered around them, practically empty bottles and perhaps fruit jars which they endeavored to conceal upon the discovery of the officers, and the odor of whiskey was somewhat rampant around and about the entire crowd, one member of which was defendant. The sheriff knew the reputation of defendant to be that of a bootlegger and violator of the prohibition act. A justice of the peace was along and the sheriff notified him that he was thoroughly convinced that defendant had whiskey in his saddle pockets, and the justice advised the sheriff to arrest defendant or to search him, and the officer went into the saddlepockets and found that the fruit jars therein contained whiskey in the quantity of two gallons or more and that defendant had concealed upon his person a bottle of whiskey, and it was upon that undisputed testimony that the verdict of conviction was based. The only ground urged for a reversal is that the evidence which we have outlined was incompetent because the sheriff did not have a search

warrant, and it is insisted that he had no right under the circumstances to make the search without one, and that is the sole question in the case.

Preliminary to the disposition of that question it might be well to keep in mind certain well settled and fundamental rules of the law, and which have been uniformly applied by this court, and they are: (1) That evidence obtained by a search made by an officer without a search warrant, except in cases stated below, is inadmissible and its introduction over the objections of the defendant is incompetent and erroneous; (2), the evidence discovered by a search of the person, or his belongings in his immedate presence, upon his being legally arrested *is* competent and admissible; (3), that an officer may lawfully make an arrest for a misdemeanor under a duly issued warrant, or if the misdemeanor is committed in his presence, from which it follows that any evidence discovered or found by the officer arresting the misdemeanant will be competent under rule (2) *supra.* So that, if the sheriff in this case had the right to arrest defendant without a warrant (for he had none) the discovery of the whiskey in his possession and which he was transporting was competent evidence against him; and it is our task to determine whether, under the circumstances, he had such right, which if so it must be bottomed upon his right to make an arrest for a misdemeanor committed *in his presence.*

Before addressing ourselves directly to that question we will dispose of what might be termed a preliminary contention made by counsel, and which is, that the sheriff did not arrest the defendant at that time but first made the search, and that because the search preceded the arrest the obtention of the evidence did not come within the rule allowing its competency. Answering that contention, we seriously doubt if it is based upon sound reasoning, since we are inclined to the belief that a search may always be made without a warrant in all cases where an arrest might be made without a warrant for an offense committed in the officer's presence. But we are not dependent alone upon any analogy which might exist between the two performances by the officer, since section 12 of the Rash-Gullion Act, which is chapter 33, page 109, Acts 1922, in part, says: "When any peace officer of the law shall discover any person or persons in the act of illegally possessing or transporting, in violation of this act, intoxicating liquors in any wagon, buggy, automobile,

water or air craft, or other vehicle, it shall be his duty to seize at once any and all intoxicating liquors found therein being transported contrary to this act or illegally possessed; and to seize said wagon, buggy, automobile, water or air craft, or other vehicle and team, boat or any other conveyance, and he shall arrest any person or persons in charge thereof.'' Under that statutorily imposed duty the sheriff had the authority to seize the liquor without a search warrant if he discovered defendant illegally possessing or transporting it and to arrest defendant and carry him before an officer. It is patent, therefore, that if the facts were sufficient to produce a discovery on the part of the officer of the forbidden possession or transportation, they would likewise be sufficient to impart to him knowledge that a misdemeanor was being committed in his presence and to convince him of that fact. So that in either case we are brought face to face with the proposition whether the facts in this case, as indisputably established, were sufficient to convince the officer that he had discovered defendant in the possession of and transporting whiskey, or that defendant was then and there committing a misdemeanor in his presence. We will, therefore, view and discuss the question from the standpoint as to whether the sheriff was authorized to arrest the defendant because the latter was committing an offense in his presence.

That the defendant was at the time committing the offense in the presence of the officer is not and can not be disputed; and the question is reduced to the proposition whether the surrounding facts and circumstances, together with the knowledge of the sheriff of defendant's reputation, were sufficient to convince the officer of the certainty of that fact. We have held in a number of cases, and it appears to be the law everywhere, that an offense, in order to be committed in the presence of the officer, need not occur immediately within his vision, but that if he receives the information of the commission of the offense through any of his senses, the most frequent of which is that of hearing uncommon and suspicious noises which he can readily locate, he is authorized to follow it up, and if it turns out that the offense was actually committed it will be considered as having been committed in his presence for the purpose of authorizing him to arrest the offender without a warrant, although the crime was only a misdemeanor; and if the arrest is then and there made (but not later) it will be a valid one and fol-

lowed by all of the consequences of such an arrest. That being true, and there is no doubt concerning it since we could incorporate a long list of cases to that effect were it necessary, the officer would necessarily have the right, in determining whether or not an offense was being committed in his presence, to act upon all the facts and appearances then and there before him whether they in the aggregate were obtained by sight, by hearing, by smelling, or by any other of his dependable five senses.

In 5 Corpus Juris 405, dealing with the convincing facts and appearances before the officer of an offense then and there being committed in his presence, the text says:

"In the case of a misdemeanor, mere belief by the officer that the person arrested had committed or was committing an offense is no justification, although it has been held that if the arrest is made upon personal view, the officer will be protected if the circumstances reasonably justified his belief that the facts constituted an offense."

Evidently the "mere belief," found in that text, has reference to the insufficiently supported suspicion, which we have held, as well as all other courts, is not sufficient to either authorize an arrest without a warrant, or the making of a search without such process.

Speaking of when an offense is committed in the presence of an officer, and what evidence is sufficient to inform him thereof so that he may be justified in arresting without a warrant, the text in 2 R. C. L. 448, says: "An offense is considered as taking place within the view of a police officer where his senses afford him knowledge that one is being committed. Hence, if it is committed in his hearing, and so near that he cannot be mistaken as to the offender, this is sufficient. Accordingly, an assault is considered as being committed in the presence of the officer if he is near enough to hear the outcries and arrives immediately after the disturbance has been completed, or if while outside a house he hears disorderly conduct in progress within." See also annotated notes to the case of State v. Evans, 161 Mo. 95, reported in 84 Am. St. Rep. 669, annotations in point beginning on page 688.

Upon the subject, as to the necessary proof or evidence to the officer of the certainty of an offense being committed in his presence so as to authorize him to arrest the guilty offender without a warrant, the opinion in the case of State v. Lutz, 85 W. Va. 330, 101 S. E. 534, says:

"An offense can be said to be committed in the presence of an officer only when he sees it with his own eyes, or sees one or more of a series of acts constituting an offense and is aided by his other senses or by information as to others when it may be said the offense was committed in his presence." The soundness of that doctrine is approved in a later opinion from the same court in the case of State v. Wills, 91 W. Va. 659, 114 S. E. 261, and reported in 24 A. L. R. 1398. The same standard of evidence for convincing the officer that a misdemeanor is being committed in his presence was recognized and approved by us in the case of Hale v. Commonwealth, 197 Ky. 214. 246 S. W. 787, and which is more or less supported by the following recent cases from other courts: Lambert v. U. S., 282 Fed. 413; Snyder v. U. S., 285 Fed. 1; Bell v. U. S., 285 Fed. 145; State v. Gulczynski (Del.), 120 Atl. 88; People v. Chyc, 219 Mich, 273, 189 N. W. 70; People v. Bressler (Mich.), 194 N. W. 559; Welchek v. State, 93 Tex. Crim. 271, 247 S. W. 524; Quivers v. Commonwealth, 135 Va. 671, 115 S. E. 564, and State v. Hughlett, 124 Wash. 366, 214 Pac. 841.

From the authorities referred to and others which might be cited it is apparent that the adjudged rules are (a), that an officer may not arrest without a warrant, where he can only do so except when the offense was committed in his presence, upon bare suspicion, or, perhaps, upon information furnished to him second-hand by another; but (b), when the evidence of such commission reaches him through his senses and is sufficient to render the ultimate fact morally certain and it is augmented by other strongly persuasive facts in his possession, all of which is sufficient to convey virtual knowledge to any normal mind that the offense is then and there being committed, he may act upon such information as being tantamount to actual knowledge that the offense is being committed, and if it turns out that he was correctly convinced the arrest will be upheld as one having been made for an offense committed in the officer's presence. What, then, may we inquire, is the situation here as measured by that rule?

As before stated, we have scattered bottles and fruit jars among the crowd of which defendant was a member; the immediate atmosphere was loaded with the perfumes of whiskey; his saddle pockets were filled with well known receptacles for moonshine liquor; at least some of the parties acted as though they were intoxicated, all of

which was fortified by the sheriff's knowledge of defendant's reputation. We, therefore, think that the sum total of the evidence before the sheriff in this case was sufficient to convince him and, therefore, justify him to act upon the hypothesis that defendant was guilty of a misdemeanor there and then being committed in his presence and that he was, consequently, authorized by section 12, *supra,* of the Rash-Gullion Act to seize the liquor, or to arrest the defendant, and it, therefore, makes no difference which one he did first. Of course, each case must be determined upon its particular facts.

It follows that the court properly admitted the evidence, and the judgment is affirmed.