## Marrs v. Commonwealth.

(Decided October 14, 1924.)

### Appeal from Pike Circuit Court.

1. Arrest—Criminal Law—Person Arrested as Drunkard may be Searched, and Evidence Obtained is Admissible on Different Charge.—One arrested for drunkenness was properly searched, and, where pistol was found concealed in holster under his vest, evidence thereof was admissible in prosecution for carrying concealed and deadly weapon.

2. Weapons—Error to Inflict Working Penalty Against One Convicted of Carrying Concealed and Deadly Weapon.—It was error to inflict working penalty on one convicted of carrying concealed and deadly weapon, punishment for which was fine and imprisonment and disfranchisement.

PICKLESIMER & STEELE and W. W. BARRETT for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Grover C. Marrs was convicted of carrying a concealed and deadly weapon upon or about his person, and his punishment fixed at a fine of $100.00, at imprisonment in the county jail for forty days, and in addition the "working statute" was applied. The court also rendered judgment for this and disfranchised him for two years.

It is insisted that the evidence was inadmissible.

The chief of police of Pikeville testified that he saw the defendant on the streets, reeling drunk, and arrested him for that offense; that he searched him and found a pistol concealed in a holster under his vest. It is argued that this evidence did not relate to the offense for which appellant was arrested, that it was therefore not admissible on this charge. There is no force in this argument. The arrest was legal and the consequent search reasonable. If the search disclosed another offense, the evidence would be admissible on a trial of that offense.

Its admissibility depends on the reasonableness of the search, not the character of case in which it is offered.

The instructions closed with the words, "If you find him guilty you may add the working statute." The verdict of the jury closed with the words "working statute applied."

In Eldridge v. Commonwealth, 87 Ky. 365, an instruction in similar language was held to be erroneous in not defining the statute; and in Smith v. Commonwealth, 17 L. R. 416, it was held that it was proper for an instruction submitting the working penalty to be worded in the language of the statute. Second, it is further held in the Eldridge case, *supra*, that the working penalty applies to misdemeanors, the punishment of which is limited to fines and imprisonment, but does not apply to high misdemeanors in which in addition to a fine and imprisonment other punishment is added. That was a case of bribery for which the punishment was fine and imprisonment, disfranchisement and exclusion from office.

The court held that the working statute did not apply, and that it was error to submit it to the jury. Here the punishment is a fine and imprisonment and disfranchisement. The same principle is involved, and based on the authority of that case it was error to inflict the working penalty.

Wherefore, judgment is reversed and cause remanded for proceedings consistent with this opinion.