## Spires v. Commonwealth.

(Decided February 20, 1925.)

### Appeal from Rockcastle Circuit Court.

1. Arrest—Officer, in Determining Whether Offense is Being Committed, May Rely and Act on Information Obtained Through Senses Other than Sight.—Under Criminal Code of Practice, section 36, authorizing officer to make an arrest without a warrant when offense is committed in his presence, an officer, in determining whether an offense is being committed, is not limited to information derived through the sense of sight, but may rely and act as well on information obtained through other senses.

2. Arrest—Arrest of Defendant for Possession of Intoxicating Liquor Without Warrant Held Proper.—Officers sitting in automobile on public road who saw imprint òf glass jars on sack on saddle on which defendant passed automobile within two or three feet therefrom, and who heard the familiar sound made by liquor in jar when being jostled, and smelled the odor of whiskey as defendant passed the automobile, had a right to arrest defendant for possession of intoxicating liquor without a warrant under Criminal Code of Practice, section 36, authorizing arrest when public offense is committed in officer's presence, the acts of defendant and not the acts of the officers having revealed the offense.

C. C. WILLIAMS for appellant.

W. N. FLIPPIN, FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant was convicted of unlawfully possessing intoxicating liquor, upon the evidence of the sheriff and deputy sheriff, and the only reason assigned for reversal of the judgment is that this evidence was incompetent because obtained by an illegal search.

Appellant was arrested without a warrant, and the competency of the uncontradicted evidence of the officers that he then had in possession two and one-half gallons of moonshine whiskey, depends upon whether or not the offense was committed in the presence of the officers within the meaning of section 36 of the Criminal Code. Royce v. Commonwealth, 194 Ky. 480, 239 S. W. 795; Commonwealth v. Warner, 198 Ky. 784, 250 S. W. 86; Robertson v. Commonwealth, 198 Ky. 699, 249 S. W. 1010; Ferrell v. Commonwealth, 204 Ky. 548, 264 S. W. 1078; Ingle v. Commonwealth, 204 Ky. 518, 264 S. W. 1088; Patterson v. Commonwealth, 206 Ky. 258, 267 S. W. 160, and many other recent cases.

The circumstances under which the arrest was made without a warrant in this case are, in brief, these: The two officers were sitting in an automobile on a public road at two a. m., when appellant and another passed within two or three feet of them on horseback. On the saddle, under appellant, was a sack, upon which the witnesses saw the imprint of glass jars. As appellant and his companion rode by, the officers heard the familiar sound made by a liquid in a jar when being jostled, and smelled the odor of whiskey. The officers followed the defendant for about a half mile, and until he turned off the road into a lane leading to a private residence. The officers then proceeded along the public road a short distance and stopped their automobile on the side of the road. In a few minutes appellant and his companion came back into the public road, and the officers ordered them to halt, whereupon appellant and his companion put spurs to their horses and the latter escaped, but appellant was captured.

In the Ingle case, *supra*, we held that where the sheriff smelled liquor and saw fruit jars in saddlebags on defendant's horse and empty jars on the ground nearby where the men were sitting, it was sufficient to convince the officer that the defendant was in possession of whiskey and committed a misdemeanor in his presence,

and to justify a search of the saddlebags without a search warrant before arresting the defendant. The facts of this case are even stronger against the defendant than were the facts in that case, and cannot be distinguished therefrom.

In that case, as in all others of the kind, the distinction was recognized between a suspicion that will not authorize an arrest without a warrant, and the conviction obtained through the senses by which facts are apprehended which will authorize such an arrest, but neither in that case nor in any other has this court attempted the obviously impossible task of formulating a rule for determining the often almost imperceptible division line between suspicion and knowledge. Manifestly this must depend upon the peculiar facts of every case, and in none of the cases relied upon by appellant, and in which it was held the facts were sufficient merely to create a suspicion of guilt, did we have facts anything like as convincing of guilt as here. Those cases but recognize and apply to their facts the same principles of law that we recognize and are applying to our facts, and it could serve no good purpose to take up each of them and point out wherein, upon their facts, they differ from this one.

That an officer is not limited to information derived through the sense of sight, but may rely and act as well upon information obtained through his other senses, is thoroughly established. As many authorities upon the subject are cited in the Ingle case, we need not repeat them here.

A little common sense added to the information conveyed by their senses of sight, smell and hearing, left no room for reasonable doubt by the officers that the defendant had whiskey in his possession, and in their presence. Hence the acts of defendant and not of the officers revealed the offense, and this is all the law requires.

Wherefore, the judgment is affirmed.