## Witt v. Commonwealth.

(Decided April 26, 1927.)

### Appeal from Estill Circuit Court.

1. Intoxicating Liquors.—Where officers had no search warrant and did not detect or discover presence of whisky in car parked on side of road until after search, officers had no right to make search unless owner consented.

2. Criminal Law.—In prosecution for unlawful possession of intoxicating liquor, defendant's direction to officers to search him held not consent to search of his car rendering whisky discovered without search warrant admissible in evidence, where defendant opened car only on command of sheriff.

3. Intoxicating Liquors.—In prosecution for possessing intoxicating liquor, testimony that defendant picked up jar from roadside and

offered witness drink held inadmissible, where witness did not testify liquid was whisky or looked or smelled like whisky.

RIDDELL & SHUMATE for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Reversing.

Clarence Witt prays an appeal from a judgment convicting him of the unlawful possession of intoxicating liquor.

The facts as disclosed by the evidence are these: On the night of August 28, 1926, appellant's car was parked at the side of the road with the lights on. He and his two companions were standing on the roadside a short distance from the car. The sheriff of Estill county, accompanied by two policemen of Irvine and a federal prohibition agent, drove up, and getting out of their car, asked the boys if they had any whisky. Though this is denied by the boys, the officers say the boys then said, "Search me, if you believe we have got any whisky." After searching the boys, the sheriff said, "What about the back end of the car, got any whisky there?" Appellant said, "No." The sheriff said, "I will see; open this up." Appellant and the other boys were scared. Appellant then opened up the back end of the car, and, after searching awhile, a quart of liquor wrapped up in a cloth was found. When this occurred, the officers had no search warrant, and they admitted that the boys were not committing any offense and that they did not see or smell any intoxicating liquor prior to the search. Another witness, who had been in the car with the boys at Campbell's Branch shortly prior to that time, testified that, while driving along, appellant stopped on the roadside, got a jar, and asked him if he wanted a drink. Witness said, "No." Appellant then put the jar in his shirt. Thereupon the jar taken from the car was exhibited to the witness, and he said it was something like the one appellant had. Thereupon appellant moved to exclude the evidence of the witness.

According to the evidence of appellant and his companions, they did not tell the officers to search them, and appellant did not open up the car until ordered by the sheriff to do so. Over his objection, appellant was re-

quired to testify that the jar that the sheriff got out of the car was the same one that he got out on the road.

As the officers had no search warrant, and did not detect or discover the presence of the whisky in the car until after the search, the admissibility of their evidence turns on whether appellant consented to the search of the car. Even according to the testimony of the officers, appellant simply said ''Search me,'' and held up his hands for that purpose. It seems to us that this was simply an invitation to search his person, and at no time did he tell the officers to search the car. On the contrary, he never moved until the sheriff told him to open up the car. When this occurred he was confronted by four officers of the law, and even according to their evidence he was badly frightened. The situation savored too much of fear and coercion for us to be able to say that appellant consented to the search by obeying the peremptory command of the sheriff to open up the car. It follows that the search of the car was illegal, and that the evidence thereby obtained was improperly admitted.

But the point is made that the evidence of the witness, who testified that, while riding with appellant prior to the search, appellant picked up a jar on the roadside and offered the witness a drink, was sufficient to take the case to the jury. This witness, however, did not testify that the liquid in the jar was whisky, or looked like whisky, or smelled like whisky. The only evidence tending to show that the jar contained whisky was the evidence that it looked like or was the same jar discovered by the officers in the car, and, with the latter evidence excluded, as it should have been, there is no evidence tending to show that that jar out of which appellant offered the witness a drink contained intoxicating liquor. We are therefore constrained to the view that appellant's motion for a peremptory instruction should have been sustained.

Wherefore the appeal is granted, judgment reversed, and cause remanded for a new trial consistent with this opinion.