## Billings v. Commonwealth.

(Decided March 2, 1928.)

## Appeal from Boyd Circuit Court.

1.  Witnesses.—Police witnesses, who, under Rash-Gullion Act (Acts 1922, c. 33), upon which liquor prosecution was based, were entitled to fee to be taxed as costs upon conviction of defendant, were competent, notwithstanding remote interest in possible result of prosecution, since all witnesses are competent in criminal prosecutions except as provided by Ky. Stats., sec. 1180, or other statutes.

2.  Criminal Law.—Testimony illegally obtained should not be admitted in liquor prosecution under Rash-Gullion Act (Acts 1922, c. 33).

3.  Arrest.—If defendant was traveling through city street at speed made prima facie unreasonable under Ky. Stats., sec. 2739g51, subsec. 3, and forbidden by other subsections and made punishable by section 2739g65, officers who were present and saw it could arrest him without warrant and search his automobile without search warrant, and testimony regarding discoveries made was admissible in liquor prosecution under Rash-Gullion Act (Acts 1922, c. 33).

4.  Criminal Law.—In liquor prosecution under Rash-Gullion Act (Acts 1922, c. 33), failure to submit to jury question whether defendant was exceeding speed limit and thus committing misdemeanor under Ky. Stats., sec. 2739g51, in presence of officers, justifying arrest without warrant and search of his automobile without search warrant, which question determined admissibility of evidence of discoveries of liquor, held reversible error.

JOHN F. COLDIRON, H. F. PRICE and J. B. ADAMSON for appellant.

J. W. CAMMACK, Attorney General, and JAS. M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant, William Billings (to whom we shall hereafter refer as defendant), was indicted by the grand jury of Boyd county charged with transporting intoxicating liquors, and a second count in the indictment accused him of having been previously convicted of the offense of unlawfully possessing intoxicating liquors, and which latter offense and his conviction thereof occurred after the taking effect of the 1922 statute commonly known as the Rash-Gullion Act (Acts 1922, c. 33), and before the commission and conviction of the first offense charged

in the indictment and which under the terms of the statute made the last committed offense a felony and punishable by confinement in the state penitentiary. Upon his trial under a plea of not guilty he was convicted and punished by confinement in the penitentiary for a period of two years. His motion for a new trial was overruled, followed by this appeal to this court. A number of alleged errors as grounds for reversal were relied on in the motion for a new trial and which are argued here, but none of them is of sufficient merit and materiality to require our consideration except (1) error of the court in admitting the testimony of the two police witnesses because (a) under the statute upon which the prosecution was based they were entitled to a fee to be taxed as costs upon convictions for any of its violations and which rendered them interested witnesses and therefore incompetent; and (b) that their discovery of the liquor with which defendant was charged as possessing was illegally made and should have been excluded from the jury; and (2) the failure of the court to instruct the jury upon the whole law of the case.

In disposing of subdivision (a) of ground (1) it may be admitted at the outset that at common law no one was a competent witness who was financially interested in the final result of the proceedings in which the testimony was offered, and that rule of exclusion applied to criminal prosecutions as well as to civil causes. It was so universally recognized by the common law that we need not cite text-book authority or court opinions. Suffice it to say that this court recognized it as applicable to criminal prosecutions, in the cases of Commonwealth v. Moore, 5 J. J. Mar. 655, and Bridgeford v. City of Lexington, 7 B. Mon. 47. In the latter case the precise question here involved was before the court, except that the offense was different. In that case the officers whose testimony was objected to for the reason under consideration were interested only in a fee to be taxed as a part of the costs in their favor if defendant on trial was convicted, and which is the exact question presented in this case. They were held by this court to be incompetent because of such interests, although it was small. On the latter point the opinion said:

"It is true the interest (of the witnesses) is inconsiderable, but it is a direct interest and sufficient, we think, to render them incompetent as witnesses."

It is unnecessary to refer to cases wherein the interest of the witness in the result of the litigation disqualified him in civil cases, for we are now concerned only with criminal prosecutions. Unless, therefore, such disqualification has been expressly or by necessary implication removed by statute in this commonwealth the ground of objection founded on subdivision (a) of ground (1) should be sustained, and our first task is to determine whether it has been abolished, in the manner indicated, in this commonwealth.

In the first place, the competency of such remotely interested witnesses has been at least tacitly recognized by this court for a great number of years. Especially is that true with reference to prosecutions concerning the liquor traffic and its prohibition. But a large number of penal actions have been before this court involving other offenses not appertaining to the liquor traffic and wherein the arresting officer was remotely interested in the conviction of his prisoner and wherein the conviction was upheld, which would seem to indicate that this court either overlooked or tacitly recognized no such disqualification. However, in the case of Commonwealth v. McGuire, 84 Ky. 57, the question as to the competency of witnesses (not defendants) in criminal prosecutions was before this court. At that time and at the time of the commission of the offense for which defendant in that case was indicted, the statutory laws of the commonwealth contained in the compilation known as General Statutes of Kentucky were in force. Section 8 of article 8 of chapter 29 of that compilation said:

"If any person be convicted of either of the offenses described in the five preceding sections, he shall ever afterwards be disqualified from giving evidence in any judicial proceeding, or from being a witness in any case whatever."

Section 1180 of our present Kentucky Statutes is practically the same as the excerpt we have taken from the immediately preceding General Statutes. That section (1180) says:

"If any person be convicted of either of the offenses described in the seven preceding sections, he shall ever afterwards be disqualified from giving evidence in any judicial proceeding, or from being a witness in any case whatever."

In that opinion none of the specified disqualifications set forth in article 8 of chapter 29 of the General Statutes applied to the witness who it was claimed was disqualified in that case, and it was held therein that section 8 of that article had the effect to repeal section 5 of chapter 107 of the prior Revised Statutes, and to also prescribe the only disqualification of witnesses (not defendants) in criminal prosecutions. The effect of the enactment of article 8 of the General Statutes, supra, with its disqualifying section 8, was held by us in that opinion "to render all persons qualified to give evidence in (criminal) judicial proceedings, and testify as witnesses, except those especially excluded by section 8, art. 8, c. 29, General Statutes; and there is no other law regulating the qualifications of persons to give evidence as witnesses (in criminal prosecutions) except the General Statutes, and all who are not expressly inhibited thereby are qualified."

That case was followed by a like ruling in the subsequent ones of Patterson v. Commonwealth, 86 Ky. 313, 5 S. W. 387, and Commonwealth v. Minor, 89 Ky. 555, 13 S. W. 5. At the time of the rendition of those opinions section 606 of the Civil Code had a subsection in it reading:

"No prisoner in the penitentiary of this state, or of any other country, shall testify; nor shall any person testify for himself against such prisoner."

In the Minor opinion the questioned witness was such a prisoner, and it was held that such provision, which was then a part of section 606 of the Civil Code, as we have said, did not apply in criminal prosecutions, since that section, except in so far as otherwise expressly stated therein to the contrary, applied to the competency of witnesses in the trial of civil cases only, and not to their competency in the trial of criminal prosecutions. No express disqualification is contained in the present section 606 of the Civil Code that would apply to an interested witness in a criminal prosecution, and the only other statutory disqualifying enactment to be found, either in the statutes or either of the Codes relating to witnesses in criminal causes, is our present section 1180, supra, of the Kentucky Statutes; and by analogy to the principles and rules of construction established by the opinions in the McGuire, Minor, and Patterson cases, supra, all witnesses are competent in criminal prosecu-

tions, except those rendered incompetent by that or some other section. Since it contains none of the disqualifying grounds contended for in this case, nor are any such in any other statute, it would seem to follow from our opinions, supra, that we, by legislative enactment, have dispensed with the common-law disqualification of interest, and made all witnesses competent in criminal prosecutions except for the grounds stated in that or other statutes. The court, no doubt, in arriving at its conclusion in the McGuire, Patterson, and Minor cases, took into consideration the general tendency of courts, as well as Legislatures, to remove technical common-law disabilities of witnesses and to allow such common-law disqualifying facts to affect only their credibility. But, whatever the reasons that actuated the court in so determining, we feel that we should not depart therefrom, and which results in rendering the police witnesses in this case competent, notwithstanding their small and remote interest in the possible result of the prosecution. That being true, subdivision (a) of ground (1) is disallowed.

If the contention made in subdivision (b) of ground (1) was true it should prevail, since testimony illegally obtained should not be admitted, and which includes the unlawful discovery of basic facts establishing the guilt of the defendant in prosecutions of offenses of the nature here involved. In conformity therewith we have uniformly held since the case of Youman v. Commonwealth, 189 Ky. 152, 224 S. W. 860, 13 A. L. R. 1303, that evidence obtained by an officer through a search, without a warrant therefor, of persons, places, and premises requiring a warrant for the purpose, was incompetent and should not be admitted on objections to its introduction, or should be excluded upon a motion made for that purpose. As a qualification of that rule we have with equal unanimity held that a search warrant was not necessary in order to render such discoveries competent if they were made as a result of a lawful arrest of defendant, and that the arrest was lawful if made pursuant to a warrant therefor issued by the proper officer, or, for a misdemeanor committed in the presence of the officer. In either case the discoveries made by the arresting officer by virtue thereof are competent. Some of the latest cases so holding are Ballou v. Commonwealth, 195 Ky. 722, 243 S. W. 922; Hale v. Commonwealth, 197 Ky. 214, 246 S. W. 787; Robertson v. Commonwealth, 198 Ky. 699,

249 S. W. 1010; Elswick v. Commonwealth, 202 Ky. 703, 261 S. W. 249; Ragland v. Commonwealth, 204 Ky. 598, 265 S. W. 15; Marrs v. Commonwealth, 205 Ky. 18, 265 S. W. 459, and Johnson v. Commonwealth, 216 Ky. 175, 287 S. W. 572.

The liquor that defendant was charged with transporting in this case was found in his automobile, in which he was riding at the time he was arrested. The police witnesses whose testimony is now under consideration arrested him on one ·of the streets of Ashland, Ky., while he was driving his automobile. They had no warrant for his arrest upon the charge of any offense, and the only one that it is claimed he committed in their presence, and which would authorize them to arrest him without a warrant therefor, was that of speeding his automobile contrary to the provisions of section 2739g51 of our present Statutes. The specific misdemeanor, testified to have been committed by defendant in the presence ʼof the officers, consisted of driving his car on the public streets at a greater rate of speed than 30 miles per hour, and which, under subsection 3 of the section supra, raises a prima facie presumption "of unreasonable and improper driving," as is forbidden by other subsections of that section, and is punishable by section 2739g65 of the same Statutes. If, therefore, the speed at which defendant was driving his automobile at the time and place was such as was forbidden by the section of the statute supra (2739g51), the officers who were present and saw it were authorized to arrest him without a warrant, and the discoveries they made by reason thereof, and to which they testified in this case, were competent. But there was an issue in the testimony as to whether defendant was driving his automobile at the time and place at a speed beyond that designated in the statute. If he was not doing so he was violating no law and, of course, was committing no misdemeanor, either in or out of the presence of the officers, and, necessarily, the admissibility of their discoveries depended entirely upon whether defendant was traveling at the forbidden rate of speed. If he was not the court should have disallowed the testimony of the prosecuting officers; but if he was, then the evidence, we repeat, became and was competent; and this brings us to a consideration of ground (2) urged for reversal.

The argument in support of that ground is, that the court assumed, by determining for itself, that defend-

ant at the time and place was running his automobile in the presence of the officers when arrested at a speed greater than allowed by the section of the statute supra, and instructed the jury only upon the issue as to whether he had intoxicating liquor in his automobile, and was, therefore, transporting it. It is the contention of counsel for defendant that he was entitled to an instruction submitting to the jury the issue as to the speed at which he was traveling at the time he was arrested, and telling it in substance that if it believed from the evidence that he was not exceeding the speed limits of the statute he was entitled to an acquittal, since in that event his arrest was unlawful and the only alleged authority for the search would be eliminated, there being no search warrant.

The question presented has created great confusion with the courts as well as contrariety of opinions, as will be seen from Wigmore on Evidence (2d Ed.) section 2550; Chamberlayne on Evidence, 1911 edition, section 81, and Greenleaf on Evidence (16th Ed.) section 81e. A most learned and exhaustive consideration of the question is made in volume 40 of the Harvard Law Review, p. 392, under the heading, "Preliminary Questions of Fact in Determining the Admissibility of Evidence," by Professors John MacArthur Maguire and Chas. S. S. Epstein, of the Harvard Law School. The learned authors of that article close it with the statement that "the considerations discussed by this article are obstruse and difficult," and they express a doubt as to whether they have "sufficient practical value to make their discussion worth while except as a form of mental exercise." It is admitted by the learned authors, and the learned writers of the article referred to, that some courts still adhere to "the tenet that it is the province of a judge sitting with a jury 'to decide any preliminary questions of fact, however intricate, the solution of which may be necessary to enable him to determine the admissibility' of the evidence"; but it is also admitted by them that "there exists a considerable body of decisions which are apparently revolts against, or limitations upon, this tenet."

Of course, the question, as does all other legal ones, at least to a considerable extent, must be determined by the particular facts of the case, and the general tenor seems to be that where the preliminary fact is entirely decisive of the case, as is true here, evidence thereof is

not only admissible before the jury, but it is likewise its province to pass upon it under appropriate instructions, and which we have so held in the two very recent cases of Smith v. Commonwealth, 197 Ky. 192, 246 S. W. 449, and Mattingly v. Commonwealth, 202 Ky. 343, 259 S. W. 710. In those cases the officer, whose testimony upon the trial was challenged, had no search warrant, and it consisted in discoveries made by searching premises forbidden to be done without a search warrant. The absence of such a warrant was attempted to be excused and the search justified upon the ground that defendants in each of those prosecutions consented for the search to be made. They, however, denied any such consent on their part, and it was held in the opinions that it was not only the duty of the court to admit evidence upon that issue before the jury, but also to instruct it thereon. Each judgment was reversed because no such instruction was given. The preliminary fact in those cases was the alleged consent to the search by defendants therein, and which, we repeat, was necessary in order to render the testimony competent in the absence of a search warrant. So, in this case, the preliminary fact is: Whether defendant was committing a misdemeanor in the presence of the police witnesses so as to authorize them to arrest him and to thereby render any discoveries made by them in doing so competent on this trial? Whether he was committing any offense in the presence of the officers depended upon the prior determination of the rate of speed at which he was traveling at the time and place of his arrest. If it was within the permissible limits therein, he was committing no offense. On the other hand, if he was exceeding those limits, he was committing an offense in their presence and they had the right to arrest him. So that the fact which the court assumed was absolutely determinative of defendant's guilt in this case, and that fact should have been submitted to the jury by an appropriate instruction. The court having failed to do so, it necessarily follows that this ground should be and it is sustained.

Wherefore, the judgment is reversed, with directions to sustain the motion for a new trial, and for proceedings consistent with this opinion.