## Appellate Department, Superior Court, Los Angeles

[Crim. A 7740.   Feb. 2, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. FRANK MARTINEZ, Defendant and Appellant.

Richard S. Buckley, Public Defender, G. Keith Wisot, Floyd W. Davis and James L. McCormick, Deputy Public Defenders, for Defendant and Appellant.

944

Roger Arnebergh, City Attorney, Philip E. Grey, Assistant City Attorney, and Stuart Goldfarb, Deputy City Attorney, for Plaintiff and Respondent.

VASEY, J.—This is an appeal by the defendant from a judgment of conviction of the possession of amphetamine, in violation of section 4230 of the Business and Professions Code. The evidence was obtained by a search of defendant's car. The police officer observed defendant sitting in his car at 2 a.m. and questioned him because of the hour and the area where frequent arrests had been made for burglaries and narcotic violations. The officer had no warrant nor any further information regarding the defendant or his car, other than that it was registered in another name but was not listed as stolen. Both the defendant and the officer testified that the defendant was cooperative when the defendant was first asked to identify himself. Both testified that the defendant allowed the officer to look around inside the vehicle. The officer then searched the front seat area and the glove compartment. The officer then asked to look in the trunk of the car. There was no key to the trunk and it was not locked. The defendant told the officer that the trunk contained a spare tire, car battery and some tools. The officer testified that he had defendant lift the trunk lid. The defendant testified that the officer opened the trunk and began to examine the contents. Defendant testified that the investigation to this point had taken about 15 minutes and that he was becoming concerned about the delay and harassment of the investigation.

At this point the defendant asked the officer what he was looking for and told the officer to stop his search because he felt he was being harassed. The officer testified that, in fact, he did not know what he might find, but that he intended to, and did, continue his search despite the defendant's objection. The contraband introduced as evidence in the trial, over appropriate objection by the defendant, was subsequently found concealed under a rag on top of a car battery stored in the trunk.

For the purpose of this opinion, it may be assumed that the original questioning of the defendant was not improper. (*People* v. *Mickelson* (1963) 59 Cal.2d 448 [30 Cal.Rptr. 18, 380 P.2d 658].)

Furthermore, we do not need to question the search of the interior of the car including the glove compartment for this was allowed by the defendant. (See *People* v. *Roberts* (1966)

246 Cal.App.2d 715 [55 Cal.Rptr. 62]; *People* v. *Lockwood* (1967) 253 Cal.App.2d 75 [61 Cal.Rptr. 131].)

■ However, we believe that the search of the trunk was clearly illegal, and that the evidence so obtained should not have been admitted in the trial.

■ Defendant contends that a consent to a search is invalid unless preceded by a *Miranda*-type warning as to the right to withhold consent. While this argument has a certain appeal as being plausible and consistent, it has been decided adversely to defendant's position. (*People* v. *Smith* (1966) 63 Cal.2d 779 [48 Cal.Rptr. 382, 409 P.2d 222]; *People* v. *Dahlke* (1967) 257 Cal.App.2d 82 [64 Cal.Rptr. 599].)

■ ■ The serious questions presented in the case under consideration are whether a voluntary consent to a search may be limited in scope and whether a voluntary consent may be withdrawn before the search is completed. Our answer to both questions is in the affirmative.

Consent to search a barn does not authorize search of a cellar not connected with the barn. (*Strong* v. *United States* (1st Cir. 1931) 46 F.2d 257.) Where on request for permission to search an automobile and a query as to whether defendant possessed any liquor, the defendant replied ''search me'', contraband found in the automobile was held to be the result of an unauthorized search, the search authorized being merely a personal search. (*Witt* v. *Commonwealth* (1927) 219 Ky. 519 [293 S.W. 1072].) In *State* v *Johnson* (1967) 71 Wn.2d 239 [427 P.2d 705], defendant gave permission to search the trunk only and the contraband was found by a search of the inside of the car. The court held it was error to admit such evidence.

The California case of *People* v. *Ross* (1962) 206 Cal.App. 2d 542 at p. 545 [24 Cal.Rptr. 1], where after permitting a search of inside of car defendant objected to search of the trunk, is not contrary to these cases as it was there held the search was incident to a valid arrest.

We see no reason to hold that a consent to search must be unlimited in scope.

Neither do we find any reason to hold that a consent, once given, may not be withdrawn. It is true that the contrary view has been expressed. (See *Smith* v. *Commonwealth* (1923) 197 Ky. 192 [246 S.W. 449].) We do not believe that this is the present law, particularly in view of the explicit statement in the *Miranda* case that a defendant consenting to answer police questioning without a lawyer may withdraw such

waiver at any time. We see no reason, in this respect, to distinguish between withdrawal of waiver of legal representation during investigation and withdrawal of consent to search once given.

We, therefore, reverse the judgment.

Whyte, P. J., and Wong, J., concurred.