# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY

## JANUARY TERM, 1906

CASE 1.—ACTION BY JOHN McGOVERN AGAINST CHARLES
P. WEAVER AND OTHERS FOR FALSE IMPRISON-
MENT.—February 2.

## Weaver, Etc., v. McGovern

Appeal from Jefferson Circuit Court, Common
Pleas Branch (1st Division).

EMMETT FIELD, Judge.

Judgment for plaintiff. Defendants appeal. Af-
firmed.

1. Public Offense—Presence of Peace Officers—Arrest Without
   Warrant—Where policemen had been detailed at a polling
   place to preserve order, and there was a great noise and con-
   fusion in the room such as to indicate that a fight was on, or
   imminent, and some one cried out for help, such a state of
   facts was a "commission of a public offense in the presence
   of the peace officers" in the meaning of the Criminal Code.
2. Action for False Imprisonment—Instructions to Jury—Good
   Faith of Officers—In an action by plaintiff against three police-
   men for false imprisonment, an instruction to the jury in
   substance "that if they believe from the evidence that the
   defendants believed in good faith, and had reasonable grounds
   grounds for believing, that the plaintiff was guilty of dis-
   orderly conduct, then they had grounds for his arrest. and
   they should find for the defendants even though the plaintiff
   was not in fact guilty of disorderly conduct," was proper.

B. H. YOUNG and M. W. RIPY for appellant.

1. In an action for false imprisonment where there was no proof

Weaver, &c. v. McGovern.

of appreciable loss of time, nor damage to reputation by reason of the arrest complained of, and no evidence as to malice on the part of the arresting officer, or violence used toward plaintiff, a verdict and judgment for $500 damages is excessive and is evidently the result of passion and prejudice on the part of the jury.

2. Such a verdict is based upon a theory of vindictive damages not authorized by the evidence.

3. In case of a mutual conflict in the presence of a peace officer he may arrest all of the parties without regard to who is the aggressor. In so doing his acts are presumed to be lawful, in good faith, and without malicious intent; and this presumption is not overthrown by proof that one of the parties was not guilty of the charge of disorderly conduct, so as to authorize a presumption that the officer acted maliciously in making the arrest. Even if such presumption arose, it would be rebutted by positive proof that there was no malice on the part of the arresting officer; and a verdict and judgment based upon the mere presumption, and not upon evidence of malice, would be a verdict against the law and the evidence.

4. An instruction which authorizes a jury to infer malice against an arresting officer who arrests all of the parties in a room where there is disorder and threatened riot; if the jury believe that the officer had not reasonable cause to believe the plaintiff guilty of disorderly conduct, without qualification as to evidence of his good faith or malice in making the arrest, is misleading and prejudicial.

CASES CITED.

Werner v. Commonwealth, 80 Ky., 387; Greenleaf, Vol. 2, 418; Sedgwick on Damages, 363; Beckwith v. Philby, Eng. Com. L. R. No. 13, 6th Barn. & Cress, 635; Russell v. Shuster, 8 Watts & Sergeant (Pa.) (308; Timothy v. Simpson, 1st Crompton, Meeson & Roscoe, Exchequer Reports, 762; East, Pleas of the Crown, 305; Dere Court v. Corvishley, 5 Ellis & Blackburn, 192-4 (Campbell); Greenleaf, Vol. 1, 146; Dow v. Julien, 32 Ky., 576; Wanamaker v. Bowles, 36 Md., 42; Criminal Code, section 36; Throop on Public Officers (Par. 10), 567; Miller v. Ashcraft, 98 Ky., 317; Roberts v. Hackney, 22 L. R., 975; Webster v. Washington County, 26 Minn., 220; Sutherland on Damages, 3rd edition, sections 150-151-154-156-165-166-412; Myer v. L., St. L. & T. R. Co., 17 Ky., L. R. 946; Ahrens & Ott Mgf. Co. v. Hoeher, 21 Ky., L. R. 301; Lancaster v. Langdon, 18 Ky. L. R. 300.

WALLACE & McDONALD and W. W. THUM for appellee.

### POINTS AND AUTHORITIES.

1. Malice constitutes no part of a cause for action for false arrest. All that need be shown to prove such a case is, first, the arrest, and, second, that the arrest was illegal. (Newell on Malicious Prosecution, pages 56 and 249; Am. & Eng. Ency. of Law, 2 Ed. Vol. 12, pages 733 and 724; Reynolds v. Price, 22 Ky. Law Rep., 5; Hobbs v. Ray, 18 R. I., 84; Comer v. Knowls, 17 Kan., 436; Rich v. McQuery, 103 Ala., 345; Herzog v. Graham, 9 Lea, 152; McConnell v. Kennedy, 29 S. C., 180; Colter v. Lawler, 35 Ind., 235.)

2. There being no charge of felony in this case, the defendants had no right to arrest plaintiff unless a misdemeanor had been committed by him in their presence. (Criminal Code, section 36; Jamison v. Gaernett, 10 Bush, 221; Am. & Eng. Ency. of Law, 2 Ed., Vol. 12, page 740; Hughes v. Commonwealth, 19 Ky. Law Rep., 497.)

3. McGovern was guilty of no offense whatever, either in or out of the presence of the officers, and his arrest was in wanton disregard of his rights as a citizen. The verdict if wrong at all, is erroneous only because it is too small.

OPINION BY JUDGE NUNN.—Affirming.

This action was brought by the appellee for false imprisonment against three policemen of the city of Lousiville, viz., Peter Maloney, John Hess, and Ed. Powell; and Charles P. Weaver, Jacob Hager, R. Lee Suter, and W. L. Lyons. He alleged that the three policemen arrested and imprisoned him by and with the advice, consent, and direction of the other defendants; that his arrest and imprisonment was the result of an unlawful combination and conspiracy of all the defendants. Soon after the action was instituted the appellee dismissed his action as against all the defendants except the three policemen. One mistrial was had, and on another be secured a joint judgment against them for $500, and they have appealed.

The substance of the facts proven on the trial are that appellee, with others, was an officer of a primary election then being held in one of the precincts of the city of Louisville, Ky. The three policemen were detailed to remain at this polling place and preserve order. After the polls were closed four persons entered the room, claiming to have credential authorizing them to act as inspectors at the polling place. Two of them disputed the authority of the others. They caviled over this for a while, and some one suggested that the box be carried to headquarters for a count of the ballots. This met with a protest, and one of the alleged inspectors took a seat on the box, and two of the officers of the election took hold of the handles of the box situated at each end, and commenced to raise it. At that moment one of the officers opened the shutters of a window and entered and commanded all persons in the room to consider themselves under arrest, and, when asked what for, he stated disorderly conduct. Some one in the room answered, "We submit." The other two officers immediately entered the room after the entry of the first one. A wagon was then telephoned for, and all who were in the room carried to the city prison and locked up for about one hour, except two of them who were relatives of the keeper of the prison. The appellee's proof was to the effect that there was no fight or disorderly conduct occurring in the room at the time appellants entered and made the arrest, nor was there loud talking or noises in the room at that time. Appellants' proof showed that there was a great noise and confusion in the room, such as to indicate that a fight was on or that one was imminent, and that some one cried out for

help, and they in good faith believed that an offense was being committed, entered, and arrested all pre-present for the sole purpose of preserving the peace; that they had no ill will against the appellee or any of the others in the room.

Section 36 of the Criminal Code of Practice, provides that a peace officer may make an arrest: "(1) In obedience to a warrant of arrest delivered to him. (2) Without a warrant, when a public offense is committed in his presence, or when he has reasonable grounds for believing that the person arrested has committed a felony." Section 2885, Ky. St. 1903, has reference to the duties of the police force of the city of Louisville, Ky. A part of this section reads as follows: "to repress and restrain all unlawful or disorderly conduct or practices therein; enforce and prevent the violation of all laws and ordinances in force in said city; and for these purposes, with or without warrant, to arrest all persons guilty of violating any law or ordinance for the suppression or punishment of crimes or offenses."

The appellants contend that, as the proof showed they had reasonable grounds to believe and did believe that an offense was being committed in their presence, it was their duty as peace officers to arrest the parties without a warrant under this statute, even though it turned out that they were not guilty of any offense. We are of opinion that appellants' position is correct. If the state of facts existed as presented by their proof, it would have been the commission of a public offense in their presence in the meaning of the Code. A peace officer has no right to arrest a person for a misdemeanor, except when the offense is committed in his presense. The section of the

statute referred to did not change or enlarge the powers of a peace officer in this regard. \ This court in the case of Jamison v. Gaernett, 10 Bush, 221, had under consideration a statute applicable to peace officers similar to the statute above quoted, and in that case the court said: "Looking to the wrongs, injuries, and oppressions which might, and as we think would often, result from investing a mere peace officer with unlimited authority to arrest any person and place him in custody upon the unsworn complaint of another, or on the faith of some rumor to which the officer might give credence, we cannot think that the legislature, in enacting the charter of Louisville, intended to, even if it could constitutionally, have gone further than to empower officers to make arrests without warrant for offenses committed in their presence, and, upon reasonable grounds of belief, for alleged felonies, whether committed in the officers' presence or not."

\ By section 395 of the Criminal Code of Practice it is provided as follows: "It shall be the duty of all peace officers to arrest any disorderly person whom they may find creating a disturbance by noise or other disorder, and carry him before some magistrate of the county, town, or city in which the arrest is made." The meaning of this section is that a peace officer may without a warant arrest any person they may find creating a distrubance by noise or other disorder. The rule now seems to be that a peace officer can arrest a person without a warrant, when the person is committing an offense in his presence, or when he has reasonable grounds for and does believe in good faith that the person is committing an offense in his presence.  See Easton v. Commonwealth, 82 S. W.

996, 26 Ky. Law Rep. 960. It appears that the lower court took this view of the case and instructed the jury, in substance, that if they should believe from the evidence that the defendants had reasonable grounds to believe that the plaintiff was guilty of disorderly conduct, then they had grounds for his arrest, and they should find for the defendants, even though the plaintiff was not in fact guilty of disorderly conduct. The evidence in this case was conflicting. It was the province of the jury to determine the weight of it. We find no errors prejudicial to the substantial right of appellants.

The judgment is affirmed.