CASE 27.—ACTION BY CHARLES DUERR AGAINST THE KEN-
TUCKY AND INDIANA BRIDGE AND RAILROAD
CO. FOR MALICIOUS PROSECUTION.—February 26.

# Duerr v. Ky. & Ind. Bridge & R. R. Co.

Appeal from Jefferson Circuit Court; Chancery
Branch (Second Division).

THOS. R. GORDON, Judge.

From a judgment sustaining a demurrer to the
petition plaintiff appeals—Affirmed.

1. Malicious Prosecution—Want of Probable Cause—Elements—
Malice.—An action for malicious prosecution can be main-
tained only where the prosecution was malicious and the
prosecutor acted without probable cause.

2. Malicious Prosecution—Probable Cause—Evidence.—Unless a
conviction in the trial court was procured by fraud, corruption,
or perjury, it is conclusive evidence that there was probable
cause for the prosecution, and is a complete bar to recovery of
damages for malicious prosecution, although it may be re-
versed on appeal and it be finally held that accused was
not guilty.

3. Malicious Prosecution—Probable Cause—Evidence.—A plea of
guilty in a criminal prosecution in connection with the judg-
ment is conclusive evidence that there was probable cause
for the prosecution, and precludes recovery for malicious
prosecution.

POPHAM & WEBSTER, for appellant.

POINTS AND AUTHORITIES.

1. A judgment procured by the fraud and collusion of the
defendant is not a bar to an action for malicious prosecution
against him. (Spring & Stepp v. Besore, 12 B. Mon. 554; Kaye
v. Kean, 18 B. Mon. 840; Bell v. Thompson, 31 Ky. Law Rep.
473, 102 S. W. 830; Womack v. Circle, 32 Grattan, 324, 338,

Duerr v. Ky. & Ind. Bridge & R. R. Co.

339; Blucher v. Zonker, 19 Ind. App. 615; Bitting v. Ten Eyck, 82 Ind. 421; Adams v. Bicknell, 126 Ind. 210, 214; Phillips v. Kalmazoo, 53 Mich. 33; Ross v. Hixon, 46 Kan. 550, 554; Lawrence v. Cleary, 88 Wis. 473; Murphy v. Ernst, 46 Neb. 1; Hartshorn v. Smith, 104 Ga. 235, 238; Burt v. Place, 4 Wend. 591; Welch v. R. R. Co., 14 R. I. 609; Boogher v. Hough, 99 Mo. 183; Holliday v. Holliday, 123 Cal. 26, 32; Root v. Rhodes, 6 N. D., 575, 72 N. W. 1022; Gilmore v. Mastin, 115 Ill. App. 46; Crescent Live Stock Co. v. Butchers' Union, 120 U. S. 141; 26 Cyc. 42.)

2. Any judgment relied upon in bar may be attacked collaterally for fraud or collusion. (Smith v. Gowdy, 29 Ky. Law Rep. 832, 96 S. W. 566.)

HUMPHREY, DAVIS & HUMPHREY AND EDWARD P. HUMPHREY for appellee.

### POINTS AND AUTHORITIES.

1. It is necessary, in order to maintain an ordinary action for malicious prosecution, for the petition to allege that the criminal prosecution which is made the basis of the action has been legally terminated, and that such termination was in favor of the plaintiff in the action for malicious prosecution. (Encyclopaedia of Pleading and Practice, vol. 13, pages 444, 445, 446; Spring & Stepp v. Besore, 12 B. Mon. 553; Chelf v. Penn, 2 Met. 463; Hegan Mantel Co. v. Alford, 114 S. W. 290; Brashears v. Frazier, 110 S. W. 826; Lancaster v. McKay, 103 Ky. 616; Underwood v. Commonwealth, 32 Ky. Law Rep. 32.)

2. In the case in which the appellant in the present case claims the appellee herein was guilty of malicious prosecution, no evidence whatever was introduced by this appellee, but the appellant pleaded guilty and judgment was rendered upon his own confession.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant, Duerr, as plaintiff below, filed his petition against the appellee company, defendant, in which he averred, in substance: That on or about June 20, 1907, one Frank Stigers, then in the employment of the defendant, and acting within the scope of his employment and in its interest, in at-.

tempting to defeat damage claims against it, maliciously and feloniously entered into a conspiracy with Len Fenster, Jr., an employe of defendant, and with other agents and officers of defendant, to bribe and suborn George Giocometti and others to give false and perjured testimony against plaintiff, tending to prove him guilty of feloniously burning a barn on the night of June 14, 1907, for the sole purpose thereby of manufacturing evidence that might tend to defeat numerous damage claims against defendant growing out of an explosion of gasoline and gas. That in execution of said conspiracy Stigers, acting in the scope of his employment and in the interest of defendant, procured the arrest of plaintiff without a warrant and without probable cause upon the charge of burning the barn, knowing said accusation to be untrue and to be supported only by the false testimony of Giocometti and others manufactured by himself and his fellow conspirators by bribery and corruption. That in execution of said conspiracy, Stigers, acting for the defendant, had plaintiff prosecuted on said charge in the police court, held over to the grand jury, and indicted by the grand jury of the Jefferson criminal court; said action of the police court, the grand jury, and the Commonwealth's attorney being based solely on the false and perjured testimony of Giocometti and others. That shortly before the day set for trial of the criminal case in the circuit court, the plaintiff counseled with the attorney employed to defend him, and said attorney advised him that he was being persecuted, and that there was a conspiracy to accuse, indict, and convict him falsely; and further advised him that a conviction would be procured by the false and manufactured evidence which would be presented

against him, and that the only way in which he could avoid being convicted on the charge of felony was to enter a plea of guilty to a lesser offense and take a fine. That, although he was innocent, he was forced by the duress, intimidation, and constraint caused, by said advice and the false testimony which had already been presented against him, to allow his attorney to agree with the Commonwealth's attorney to reduce the felony charge to the misdemeanor charge of maliciously destroying private property, and to let a plea of guilty be entered and a fine assessed against him. He averred that as a result of said conspiracy, false arrest, and malicious prosecution, he had been deprived of his liberty for a period of several months, subjected to indignity, humiliation, and disgrace, to his damage in the sum of $100,000. To this petition a general demurrer was sustained, and, declining to plead further, the petition was dismissed, and this appeal prosecuted.

The general rule, and the one prevailing in this State, is that, in an action for false arrest or malicious prosecution, the plaintiff must both allege and prove malice as well as want of probable cause on the part of the prosecutor. Both of these things must concur before a recovery can be had. Although a prosecution may be maliciously instigated, yet, if the prosecutor had probable cause for taking the action he did, the fact that he was actuated by an evil purpose will not authorize a recovery against him. It must also be shown that there was a lack of probable cause to warrant the institution of the alleged false or malicious proceedings. It is also settled that a conviction in an inferior court for the offense is conclusive evidence of the fact that there was probable cause for the prosecution, although the

judgment of the inferior court may be reversed on appeal, and it be finally held that the accused was not guilty of the charge for which he was prosecuted. There is, however, an exception to the rule that a judgment of conviction is conclusive evidence of the fact that there was probable cause for the prosecution, and this exception is that if the accused alleges in his petition that the prosecution and conviction were procured by fraud, corruption, or perjured evidence, and supports these allegations by sufficient evidence, he may, notwithstanding the conviction, maintain his action and recover damages for the malicious prosecution. A judgment so obtained may be attacked collaterally in an action for malicious prosecution; or, in other words, its effect as an estoppel may be destroyed by the accused when he shows the improper means and methods by which it was obtained, and if he can establish that the conviction was procured in the manner stated, the conclusive presumption against him that the judgment would otherwise raise will be defeated. Unless the plaintiff in an action for malicious prosecution can thus avoid the effect of the judgment of conviction, it stands as a complete bar to any action he may bring to recover damages for malicious prosecution, and will effectually defeat a recovery, because it is indispensable to the maintenance of an action for malicious prosecution that the plaintiff in the action should allege and prove that the prosecution had terminated in his acquittal or discharge; but, if he can prove that the judgment of conviction against him was unjustly obtained, thereby in effect establishing his innocence, notwithstanding the judgment, he will occupy in the eyes of the law the same position as if he had been discharged or acquitted. These

views are fully supported in Crescent City Live Stock
Co. v. Butchers' Union Co., 120 U. S. 141, 7 Sup.
Ct. 472, 30 L. Ed. 614; Spring v. Besore, 12 B. Mon.
551; Kaye v. Kean, 18 B. Mon. 840; Bell v. Thomp-
son, 102 S. W. 830, 31 Ky. Law Rep. 473; Sehon,
Stevenson & Blake v. Whitt, 92 S. W. 280, 28 Ky.
Law Rep. 1222; Jones v. L. & N. R. Co., 96·S. W.
793, 29 Ky. Law Rep. 945; Cooley on Torts, pp. 180,
187; Lancaster v. McKay, 103 Ky. 616, 45 S. W. 887,
15 Ky. Law Rep. 159, 19 Am. & Eng. Ency. of L.
p. 666; 26 Cyc. 41; Adams v. Bicknell, 126 Ind. 210,
25 N. E. 804, 22 Am. St. Rep. 576; Hegan Mantel
Co. v. Alford (Ky.) 114 S. W. 290.

But the appellant completely closed the door of
the courts to his petition for redress when he ad-
mitted that he had pleaded guilty to a charge that
was made unjustly, as he avers, against him. A
person who comes into open court and admits on the
record that he is guilty of the offense for which he
is being prosecuted will not afterwards be heard to
say that the prosecution against him was procured
by fraudulent methods. He will not be allowed to
admit in one court that he was guilty, and in another
to plead his innocence. His public admission of guilt
in the criminal court was a complete and unanswer-
able refutation of the charge that the prosecution
against him was unfounded. It furnished, in con-
nection with the judgment, conclusive evidence that
there was probable cause for the prosecution, and the
trial court ruled correctly in sustaining the demurrer
to the petition.

The judgment is affirmed.