## Neely v. City National Bank of Cairo, Illinois.

(Decided November 13, 1912.)

### Appeal from Ballard Circuit Court.

1. Assigned Estates—Exemption of Assignee from Suit.—By the provisions of section 92 Ky. Stats., an assignee is exempt from

suit for nine months after his qualification, as this time is given him to realize and distribute the assets of the assigned estate.

2. Assigned Estates—Action Upon Assignee's Bond—Limitations.— As the action upon the assignee's bond was not commenced until more than seven years had elapsed since the accrual of appellee's right of action, the plea of limitation relied upon by the surety should have been sustained.

HENRY F. TURNER and JOHN E. KANE for appellant.

J. B. WICKLIFFE for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

March 5, 1900, the Wickliffe Canning Company, a corporation then engaged in the business of manufacturing canned goods in the city of Wickliffe, made a deed of assignment to W. A. Anderson for the benefit of its creditors. In an action instituted by it in the Ballard Circuit Court, the appellee, City National Bank of Cairo, Illinois, August 28, 1900, recovered judgment against the Wickliffe Canning Company for $313.97, with interest from July 24, 1900, and its costs in that behalf expended.

Shortly after the rendition of this judgment execution duly issued thereon and was returned, "no property found." On April 8, 1902, appellee instituted an action in the same court against W. A. Anderson, assignee of the Wickliffe Canning Company, T. J. Neely and H. Hughes, sureties, in his bond. The object of this action was to enforce the payment of the judgment, which appellee had recovered against the Wickliffe Canning Company, August 28, 1900. The petition set forth the execution, March 5, 1900, of the deed of assignment from the Wickliffe Canning Company to W. A. Anderson, his acceptance of the trust and execution of the bond required by him as assignee, with Neely and Hughes, as sureties, and the acceptance of the bond by the county court. The non-payment of the judgment in favor of appellee against the Wickliffe Canning Company, was alleged in the petition, as were the further facts, that the property and assets of the corporation had been received by Anderson under the deed of assignment, and used to pay debts of the corporation other than appellee's. By the prayer of the petition judgment was asked for the amount of appellee's demand against the assignee and his sureties.

The record before us does not show what defense, if any, was made by the assignee or his sureties to that action, but on August 24, 1910, it went to trial and a judgment was rendered in appellee's favor against W. A. Anderson, assignee of the Wickliffe Canning Company for the amount claimed by it, and this demand the assignee was directed to pay out of the assets of the assigned estate in his hands. By the same judgment the action was dismissed without prejudice as to the sureties, Neely and Hughes.

The assignee, Anderson, failed to comply with the judgment last mentioned, and this action was instituted against him and Neely and Hughes, the sureties in his bond, by appellee November 14, 1910, to compel compliance therewith on the part of the assignee and to recover the amount thereof of the sureties. In furtherance of this object appellee alleged the grounds therefor, and procured an attachment against the property of the assignee. The appellee, Neely, one of the sureties, filed an answer in which he denied that Anderson executed a bond as assignee of the Wickliffe Canning Company, or that he signed such a bond as Anderson's surety. The answer also pleaded the statute of limitations; it being alleged therein that more than seven years intervened between the accrual of any cause of action appellee had against him, and the institution of the present action.

The trial of the instant action resulted in a judgment in appellee's favor against the assignee and his sureties, for the amount due upon its judgment and the surety Neely has appealed. As the evidence, particularly what was furnished by the order of the county court, conclusively shows the execution of the assignee's bond, with the appellant, Neely, and Hughes as sureties, and its acceptance by the county court, it is apparent that the ground of appellant's defense that no bond had been executed, was properly rejected by the circuit court. We think it also apparent from the evidence, that Anderson, the assignee, with the approval of the appellant and Hughes, who with himself composed the board of directors of the Wickliffe Canning Company, immediately following the assignment, sold and by deed conveyed the real estate of that corporation, which constituted its only assets, to the Wickliffe Packing Company, at the price of $3,000.00, which was either appropriated by the three or applied to the payment of debts owing by the Wickliffe Canning Company to creditors other than appellee.

This being true, it is obvious there were no assets of the assigned estate in the hands of the assignee at the time appellee sued the latter and his sureties, April 8, 1902; therefore, his only remedy was an action upon the assignee's bond, the right to institute which accrued in the year 1900, when the assets of the assigned estate were exhausted as indicated.

If we are correct in this conclusion, the circuit court in the judgment of August 28, 1910, erred in dismissing as to the sureties in the assignee's bond, the action instituted by appellee April 8, 1902, but as that judgment was not appealed from, its validity cannot now be questioned. The delay in bringing that action to trial and judgment is unexplained by the record, but the judgment therein furnishes no ground for appellee's contention that its cause of action did not accrue against the sureties in the assignee's bond, until the termination of that action. We are, therefore, of opinion that the instant action is barred by section 2551 of the statute of limitations. Section 92, Kentucky Statutes, seems to exempt an assignee form suit for nine months after his qualification, as this time is given him to realize and distribute the assets of the assigned estate. This time must be deducted from the computation, although the misappropriation of the assets of the assigned estate by the assignee Anderson, occurred within the nine months. Allowing such deduction, it is apparent that considerably more than seven years intervened between the accrual of the appellee's right of action on the bond and the bringing of the present action, which was instituted November 14, 1910. Therefore, appellant's plea of the statute of limitations should have been sustained.

Wherefore, the judgment is reversed and cause remanded that another may be entered in conformity to the opinion.