# Commonwealth, for Use, etc. v. Reed, Sheriff, et al.

### (Decided April 28, 1925.)

## Appeal from Edmonson Circuit Court.

1. Arrest—Officer May Without Warrant make Arrest for Misdemeanor Committed in His Presence.—Under Criminal Code of Practice, section 36, peace officer may make arrests without warrant for misdemeanor committed in his presence.

2. Sheriffs and Constables—Instruction Defining "Unlawful Arrest" Held Erroneous.—Instruction defining "unlawful arrest" as arrest without a warrant or when offense is not committed in officer's presence, or there is no probable cause held erroneous.

3. Sheriffs and Constables—Sheriff May Justify Arrest for Drunkenness in Public Place by Showing Probable Cause, and he could Justify Arrest though Plaintiff was Not in Fact Drunk.—If sheriff in good faith believed and had reasonable grounds to believe from reliable information, appearance of plaintiff, and other circumstances that plaintiff was drunk in public place, which would be misdemeanor under Rash-Gullion Act, it was sheriff's right and duty to arrest plaintiff, and he could justify arrest in action on his official bond, though plaintiff was not in fact drunk.

MILTON CLARK for appellant.

THOMAS, THOMAS & LOGAN, LOGAN & McCOMBS and B. M. VINCENT for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellant, Durward Blanton, suing in the name of the Commonwealth, instituted this action in the Edmonson circuit court against Noah E. Reed, sheriff, and the Fidelity & Deposit Company of Maryland, surety on the sheriff's bond, to recover $5,000.00 damages for his unlawful arrest. The case was submitted to a jury which returned a verdict in favor of the sheriff and his surety. Judgment being entered in accordance with the verdict Blanton, in the name of the Commonwealth, presecutes this appeal.

While in his office at Brownsville, sheriff Reed was informed by a reliable person that a number of drunken persons were congregated at a country store about one and one-half miles from the town, and were creating a disturbance. Accompanied by a deputy the sheriff immediately went to the country store. Quite a number of persons were present, including appellant Blanton; some of them were intoxicated. Appellant Blanton was sitting

on a counter in the store, a public place, with both feet on the counter, his head drooped forward, asleep, with slobber running from his mouth. The sheriff aroused appellant Blanton, and when he did so, believed from the general appearance of appellant that he was drunk. Blanton's eyes were red, his face flushed and he staggered when he walked. His tongue appeared to be thick. Believing in good faith that appellant Blanton was drunk the sheriff, so he says, arrested Blanton for a public offense committed in his presence. He had no warrant. The sheriff carried Blanton before the county judge at the county seat, where he executed bond and was released. A warrant was later issued against Blanton, but he was never prosecuted upon the charge of drunkenness, and it was later dismissed. He then brought this action against the sheriff as above stated.

Appellant, Blanton, urges several grounds for the reversal of the judgment, but we think it necessary to consider only one or two of them, to-wit, the court in its instructions submitted both law and fact to the jury and gave an incorrect and misleading definition as to the meaning of the expression "unlawful arrest," as employed in the instructions.

The sheriff and his deputy testified that appellant Blanton not only appeared to be drinking, but was in fact drunk; while Blanton and his witnesses testified that he was sick with tonsilitis and had not drank any intoxicating beverage that day, although they admit it was not uncommon for him to be drunk. The question, therefore, is, had the sheriff a right to arrest appellant, Blanton, for being drunk in a public place, a misdemeanor under the Rash-Gullion Act, without a warrant; and if so, could he justify an arrest for drunkenness in this civil action on his bond, when he later learned he was mistaken and that appellant was not drunk, by showing that he, the sheriff, believed in good faith from the facts and circumstances known to him at the time that the appellant, Blanton, was drunk?

A peace officer may make an arrest without a warrant, says Criminal Code, section 36, when a public offense is committed in his presence. This includes misdemeanors. Royce v. Commonwealth, 194 Ky. 480; Montford v. Commonwealth, 196 Ky. 780; Partin & Allen v. Commonwealth, 197 Ky. 840.

"An officer may make an arrest," says 5 C. J. 416, "without a warrant under certain circumstances, but he

may not act arbitrarily. He must exercise discretion in a legal manner, using all reasonable means to avoid mistake. The reasonable and probable grounds that will justify an officer in arresting without a warrant one whom he suspects of felony must be such as would actuate a reasonable man acting in good faith.''

The same text says that the rule is substantially the same as that in regard to probable cause in actions for malicious prosecution. The officer must act upon a belief in the guilt of the person arrested, based either upon facts or circumstances within the officer's own knowledge, or upon information imparted to him by reliable and credible third persons, provided there are no circumstances known to the officer sufficient to materially impeach the information received. An arrest, says the same text, without a warrant is illegal when it is made upon mere suspicion or belief, unsupported by facts, circumstances or credible information calculated to produce such suspicion or belief. Much to the same effect is the text in 2 R. C. L., page 487. Many cases from different jurisdictions are cited in support of the foregoing texts, among them Weaver, etc. v. McGovern, 122 Ky. 1, 28 R. 883. The arrest in that case was for misdemeanor. In the Weaver case we said:

"The appellants contend that as the proof showed they had reasonable grounds to believe and did believe that an offense was being committed in their presence, it was their duty as peace officers to arrest the parties without a warrant under this statute, even though it turned out that they were not guily of any offense.

"We are of opinion that appellants' position is correct. If the state of facts existed as presented by their proof, it would have been the commission of a public offense in their presence in the meaning of the Code. A peace officer has no right to arrest a person for a misdemeanor, except when the offense is committed in his presence. The section of the statute referred to did not change or enlarge the powers of a peace officer in this regard.

"The meaning of this section is that a peace officer may, without a warrant, arrest any person they may find creating a disturbance by noise or other disorder. The rule now seems to be that a peace officer can arrest a person without a warrant, when

the person is committing an offense in his presence,
or when he has reasonable grounds for and does believe in good faith that the person is committing an
offense in his presence. (Easton v. Commonwealth,
26 Ky. Law Rep. 960.)''

In the instant case the court instructed the jury that
if it believed from the evidence that at the time of the
acts complained of the defendant, Reed, as sheriff, did
unlawfully, wrongfully and without authority of law, arrest the plaintiff and deliver him to the county judge
without probable cause therefor, charging him with the
offense of public drunkenness, to find for the plaintiff.
It will thus be seen that the question of the unlawfulness,
wrongfulness and want of authority—questions of law—
were submitted to the jury. The court under another
instruction, however, told the jury that '' 'Unlawful arrest' as used in these instructions means an arrest without a warrant, *or* when the offense has not been committed in the presence of defendant, *or* no probable cause
for said arrest.'' No definition of ''wrongful arrest,'' or
arrest ''without authority of law,'' as used in the instructions, was given, and the definition of ''unlawful
arrest'' as given by the court was erroneous.

The court should have instructed the jury to find for
the plaintiff unless it believed from the evidence that at
the time the arrest was made the plaintiff, Blanton, was
publicly drunk in the presence of the defendant, as
sheriff, or the sheriff in good faith believed and had reasonable grounds to believe from the facts and circumstances known to him that the plaintiff, Blanton, was
drunk in his presence in a public place, in either of which
events the jury should find for the defendant, sheriff, and
his surety. If the sheriff, Reed, in good faith believed
and had reasonable grounds to believe from reliable information, the appearance of plaintiff, Blanton, and
other facts and circumstances known to him, that the
plaintiff, Blanton, in the presence of the sheriff, in a public place, was drunk, it was his right and duty as sheriff
to arrest him and carry him before the county judge, or
some other magistrate to be dealt with according to law,
and the sheriff could justify the arrest in an action on
his official bond, though plaintiff, Blanton, was not drunk,
by showing that the sheriff in good faith believed from
the information, facts and circumstances known to him
that the plaintiff was publicly drunk in the presence of

the sheriff. This seems to be the general rule adhered to by courts throughout the country. Grau v. Forge, 183 Ky. 521.

As appellant's cause was not properly submitted to the jury the judgment must be reversed for new trial not inconsistent with this opinion.

Judgment reversed.