## PALMER v. COMMONWEALTH.

Court of Appeals of Kentucky.

Nov. 7, 1952.

Shumate & Shumate, Irvine, for appellant.

J. D. Buckman, Jr., Atty. Gen., for appellee.

DUNCAN, Justice.

The appellant, James Palmer, a police officer of the city of Ravenna was indicted for maliciously striking and wounding another with intent to kill, an offense denounced by KRS 435.170(2). Upon his trial he was convicted of the common law offense of assault and battery and his punishment fixed at a fine of $1,000. Reversal is sought on two grounds: (1) insufficient evidence to sustain the conviction; (2) erroneous instructions.

There is a sharp disagreement as to the facts. According to appellant and some of the witnesses the prosecuting witness, Gardner Birchfield, Jr., was drunk on the streets of Ravenna and placed under arrest by appellant. During the course of the arrest the witness had one hand in his pocket, as appellant thought, in an effort to procure a weapon. Appellant ordered him to remove his hand and, upon his refusal to do so, struck him in the head with his policeman's club or billy.

Birchfield denies he was drunk although he admits consuming three bottles of beer and had a bottle of whiskey in his pocket at the time of his arrest. He denies that appellant had informed him that he was

under arrest prior to striking him. He admits that he had his hand in his pocket, but denies that he had any weapon.

In view of the conflicting testimony, we do not agree with appellant's contention that there was insufficient evidence to support a conviction. According to the testimony of Birchfield, the conduct of appellant in making the assault was both brutal and unjustified. According to appellant he acted reasonably and used no more force than was necessary to protect himself and effect the arrest. A clear issue of fact was presented for the jury.

Instruction No. 3 in defining the rights of appellant as an officer in making the arrest, informed the jury that appellant was authorized to make the arrest without a warrant if Birchfield had committed a public offense in the presence of appellant.

The instruction properly defines the duty of an officer generally in making an arrest without a warrant where a misdemeanor is committed in his presence. However, we do not think the usual instruction sufficiently defines the rights of an officer where the offense for which the arrest is made is public drunkenness.

Section 36, Criminal Code of Practice, defines generally the duties of a peace officer in making an arrest. It is provided that he may arrest without a warrant when a misdemeanor is committed in his presence or where he has reasonable grounds to believe that the person arrested has committed a felony. An additional statutory duty is imposed upon peace officers with reference to persons who are drunk, insane or disorderly. Section 394, Criminal Code of Practice, directs officers to arrest any insane or drunken person whom they may find at large not in the care of some discreet person. Section 395, Criminal Code of Practice, directs the arrest of any disorderly person who may be found creating a disturbance by noise or otherwise.

It has long been recognized that in defense of a criminal or civil action against an officer in which the legality of an arrest for public drunkenness is an issue, the officer may justify the arrest by showing that he believed and had reasonable grounds for believing that the person arrested was drunk. The arrest may, therefore, be justified although the person arrested may have been innocent.

In the case of Goins v. Hudson, 246 Ky. 517, 55 S.W.2d 388, 390, it was said:

"One of the grounds on which the instruction is assailed is that it permitted the jailer to justify if he had reasonable grounds to believe that Goins was publicly drunk in his presence. It is true that under section 36, Criminal Code of Practice, a peace officer may make an arrest without a warrant only when a public offense is committed in his presence, or when he has reasonable grounds for believing that the person arrested has committed a felony. But, in view of other statutes, it has long been the rule that a peace officer who arrests one for being drunk or disorderly in his presence is not liable in an action for false arrest and imprisonment if the person arrested is actually drunk or disorderly in his presence, or he had reasonable grounds to believe, and did believe in good faith, that the person arrested was drunk or disorderly in his presence. * * *"

The rule has also been recognized and stated in Easton v. Commonwealth, 82 S. W. 996, 26 Ky.Law Rep. 960; Weaver v. McGovern, 122 Ky. 1, 90 S.W. 984; Commonwealth v. Reed, 208 Ky. 587, 271 S.W. 674; and Morris v. Combs' Adm'r, 304 Ky. 187, 200 S.W.2d 281.

Although it cannot be said that the evidence in this case conclusively shows that the prosecuting witness was drunk at the time of the arrest, we do think the testimony clearly establishes that his action and demeanor was such that the defendant, charged with the statutory duty incumbent upon him as an officer, had reasonable grounds for believing that an arrest should be made. The right of the defendant to make the arrest under all the facts shown in this case should not have been left to the jury. It should have been assumed as a matter of law.

In making the arrest the defendant had the right to use only such force as was reasonably necessary to effect the arrest. The question of whether or not excessive force was used should be submitted to the jury upon a subsequent trial.

The motion for an appeal is sustained and the judgment is reversed.