Mary Jane **TAYLOR**, Appellant,

v.

Thomas J. **NOHALTY** et al., Appellees.

Court of Appeals of Kentucky.

June 24, 1966.

Joseph R. Wilson, Louisville, for appellant.

Hector E. Rose, Louisville, for appellees.

DAVIS, Commissioner.

The appellant, Mary Jane Taylor, sued appellees Thomas J. Nohalty and his wife for alleged malicious prosecution. The trial court dismissed the complaint, as once amended and in face of a second tendered amendment, as not stating a claim upon which relief could be granted. CR 12.02. This appeal challenges the correctness of that ruling.

In her original complaint the appellant alleged that appellees had falsely and maliciously obtained a warrant against appellant in the Louisville Police Court, ·without probable cause therefor; that the warrant charged her with felonious conversion of a refrigerator valued at $180. The complaint recited that appellant had been convicted of the charge in the police court, but that upon her appeal to the Jefferson Circuit Court the charge was dismissed.

At that stage of the pleading the appellees moved the court to dismiss the complaint for its failure to state a claim. Cited in support of the motion was Duerr v. Kentucky & Indiana Bridge and Railroad Co., 132 Ky. 228, 116 S.W. 325. Based on the cited authority the trial judge sustained the appellees' motion and dismissed the complaint on April 16, 1965.

On that same date the court granted appellant's motion for leave to file an amended complaint. The amended complaint reaffirmed the allegations of the original com-

plaint and added the averment that the conviction in the Louisville Police Court "* * * was obtained and procured by the fraud and perjury of the Defendants, and each of them."

Pursuant to CR 59.05 appellant filed her motion to vacate the order dismissing her complaint, and with the motion tendered a second amended complaint by which she enlarged somewhat on the allegation of perjury as set out in the first amended complaint. The allegation as to perjury stated that each of the appellees had sworn that appellant converted the refrigerator when, in fact, each of them knew that they had theretofore given it to the appellant.

The basis for the trial court's ruling appears to have been his belief that the failure to allege fraud with particularity was fatal. CR 9.02 does require that allegations of fraud (and other affirmative defenses there mentioned) must be made with particularity. However the cited rule does not require that perjury be alleged with particularity, and even if it did, the allegation of the second amended complaint was sufficiently particular as to the perjury issue.

The parties recognize that a conviction in a lower court is conclusive evidence of probable cause, and a bar to a suit for malicious prosecution—but there are exceptions to the rule. One of the exceptions is that such a lower court conviction is not conclusive if it is shown that the conviction was obtained by fraud or perjury. In face of the unequivocal pleading of perjury, it is our view that the trial judge erred in dismissing the complaint as amended. The Duerr decision (132 Ky. 228, 116 S.W. 325) specifically notes that perjury in the original conviction will suffice to destroy the effect of that conviction as an irrefutable showing of probable cause in this type of action.

The judgment is reversed for further proceedings consistent with the opinion.