James **FREEMAN**, Appellant,

v.

**D. C. LOGAN and Packaging Service Corporation, Appellees.**

Court of Appeals of Kentucky.

Jan. 21, 1972.

Bill V. Seiller, Jones, Ewen, MacKenzie & Peden, Louisville, for appellant.

W. Robinson Beard, Lively M. Wilson, Stites & McElwain, James B. Young, Louisville, for appellees.

NEIKIRK, Judge.

This controversy arose out of an incident that occurred at an entrance gate to the premises of Anaconda Aluminum Company in Jefferson County. James Freeman was a member of a union which was on strike against Anaconda. D. C. Logan was president of Packaging Service Corporation. On the day of the incident, Logan, traveling in a separate motor vehicle, accompanied to the property of Anaconda one of the delivery trucks belonging to Packaging Service Corporation. The purpose of the trip was to make delivery inside the plant. To accomplish this intention, it was necessary that the vehicles cross the union's picket line. Logan had been advised that under a restraining order delivery could be made inside the plant.

As Logan approached the entrance gate, he advised the truck driver to drive through the picket line. According to Freeman, Logan stated that the strike was illegal and he used profanity in describing the strikers. Freeman testified that he approached the Logan car and advised him that the strike was legal. Freeman testified that he then turned his back on Logan and began walking the picket line, and at that point Logan struck Freeman with his car. Logan denied this and stated that Freeman came over and with his fists beat on the hood of the car, opened the car door, leaned inside, and threatened him. Logan made a move to pick up an in-

strument from the front seat. Freeman dropped to the ground and Logan fired what turned out to be a tear gas pen. Freeman retreated and Logan drove into the plant.

Later the same day Logan went to the Louisville Police Court, where he made an affidavit and secured a warrant of arrest for Freeman, charging him with attempted assault. Freeman was tried and found guilty. On appeal to the Jefferson Circuit Court, the judgment was vacated on the ground that the police court had no jurisdiction to try the case as it was developed that the happening occurred in Jefferson County outside the city limits of Louisville. Logan, undaunted, secured another warrant for Freeman's arrest from the Jefferson Quarterly Court. In that court Freeman was found guilty of breach of the peace. He appealed that judgment of conviction to the Jefferson Circuit Court. At the time the present case was submitted to the trial court, the appeal of Freeman's conviction in the Jefferson Quarterly Court was still pending. In the meantime, Freeman filed the present action against Logan and the Packaging Service Corporation, seeking $21,000 in damages. He alleged (1) malicious prosecution; (2) abuse of process; (3) false arrest and imprisonment; and (4) assault.

Fourteen months after the action was filed in the Jefferson Circuit Court and one month prior to the trial date, the trial court granted Logan and Packaging Service Corporation summary judgment and dismissed the complaint. Freeman appeals. We affirm.

■■ Appellant contends that the entry of the summary judgment deprived him of discovery opportunities. The appellant had ample opportunity, between the time the suit was filed and the date on which appellees' motion for summary judgment was sustained, to take all the depositions necessary. The record discloses that the appellant had failed to take any action for more than seven months prior to the date on which the appellees filed their motion. CR 56.02 allows summary judgment "at any time." This procedure is designed to expedite disposition of litigation and avoid unnecessary trials where no genuine issues of fact are raised. We fail to see how the action of the trial court was "arbitrary" or served "to cut off" appellant's opportunity of full discovery by depositions or interrogatories. The motion for summary judgment was timely. The real crux of the matter is the determination of whether or not genuine issues of fact were raised sufficient to preclude summary judgment.

■■ In this action for malicious prosecution, there must have been a clear showing that appellee Logan acted without probable cause. The proceedings in the Louisville Police Court, though later vacated, and the proceedings in the Jefferson Quarterly Court culminated in the conviction of the appellant. Sans acquittal or dismissal, appellant's action for malicious prosecution was barred. The conviction was sufficient to establish probable cause. Reid v. True, Ky., 302 S.W.2d 846 (1957). Prosser, Torts, 4th Edition, Section 119, page 838. We said in Van Arsdale v. Caswell, Ky., 311 S.W.2d 404 (1958):

"It is well settled in this state that before a suit for malicious prosecution may be maintained, the plaintiff must aver and prove the action alleged to have been maliciously prosecuted has finally terminated in his favor, which is a condition precedent to the maintenance of an action for malicious prosecution. * * *"

■ An exception to the above is where the conviction was obtained by fraud, corruption, or perjury. Taylor v. Nohalty, Ky., 404 S.W.2d 448 (1966). Appellant argues that his cause of action comes within this exception. We do not agree. Appellant in his complaint did not allege fraud, corruption, or perjury. The depositions and affidavits do not even suggest fraud, corruption, or perjury. There is no indication in the record that a genu-

ine issue existed as to these elements. Appellant contends that had he been permitted to take further discovery depositions before the summary judgment was entered he might have been able to produce evidence of perjury, fraud, or other exceptional means of obtaining a conviction. This is mere conjecture and is not persuasive.

Appellant sought damages based on the abuse of process. We find nothing in the record to suggest that the proceedings instituted against the appellant arose from an ulterior motive or purpose. We fail to see how process was used in any manner except in the regular conduct of the proceedings. Flynn v. Songer, Ky., 399 S.W. 2d 491 (1966). Prosser, Torts, 4th Edition, Section 121, page 856.

Appellant's claim of false arrest merged into and was a part of the claim for malicious prosecution. On failure to sustain the cause of action for malicious prosecution, the claim of false arrest also must fail. F. S. Marshall Co. v. Brashear, 238 Ky. 157, 37 S.W.2d 15 (1931).

The last cause of action asserted by the appellant, as set forth in his complaint, is "assault." He alleged that appellee Logan negligently and recklessly caused his automobile to "collide with the plaintiff" and did "shortly thereafter assault the plaintiff." The evidence as to what happened immediately before the alleged assault is conflicting. There is some conflict as to the exact heated words used by both parties during the happening, but there is no dispute as to the action taken by each of them. Appellant did open the car door. Appellee Logan did obtain a tear gas pen, and before it was fired by him appellant fell to the ground. Appellant stated, " * * * I felt nothing, saw nothing or smelled nothing." We are cognizant of the many pronouncements made by this court concerning the degree of force one may use for his own protection. This is ordinarily a jury question. Acts constituting an assault are many and varied.

However, it is the duty of the court to determine whether certain facts constitute an assault. In the instant case, undisputed facts support the proposition that the appellant provoked the alleged assault by opening the door to appellee Logan's car, and this at a time when both parties were not exactly on the best of personal terms. One who is the aggressor should not recover for an assault, unless the aggressor suffers some injury inflicted by the use of unreasonable and excessive force. The appellant was the aggressor. He committed a wrong by opening the car door at a time when the parties were in violent disagreement as to their respective rights. The trial court determined that as a matter of law under the undisputed facts in this case no assault had been committed by appellee Logan to support a claim for damages. We agree.

The judgment is affirmed.

All concur.