RENDERED: APRIL 25, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0382-MR

ALLISON REED                                        APPELLANT


|  | APPEAL FROM FRANKLIN CIRCUIT COURT |
| --- | --- |
| v. | HONORABLE PHILLIP J. SHEPHERD, JUDGE |
|  | ACTION NO. 23-CI-00571 |


ESTATE OF GREGORY HILES;
PHYLLIS HILES, ADMINISTRATOR
OF THE ESTATE OF GREGORY
HILES; FIDELITY INVESTMENTS;
KENTUCKY COMMUNITY AND
TECHNICAL COLLEGE SYSTEM;
AND TEACHERS INSURANCE AND
ANNUITY ASSOCIATION OF
AMERICA                                      APPELLEES

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: ACREE, KAREM, AND LAMBERT, JUDGES.

LAMBERT, JUDGE: Allison Reed appeals the Franklin Circuit Court's February

27, 2024, order granting summary judgment in favor of Phyllis Hiles, as

Administrator of the Estate of Gregory Hiles (hereinafter "the estate"). After careful review of the briefs, record, and law, we conclude that the court erred in granting summary judgment without affording an adequate time for discovery, and we therefore vacate the judgment and remand for additional proceedings.

Gregory passed away on December 6, 2022, and his mother, Phyllis, was appointed as Administrator of his estate on January 3, 2023. The estate then attempted to collect the benefits from Gregory's two retirement accounts, held by Fidelity and Teachers Insurance and Annuity Association of America, but was unsuccessful because Allison, Gregory's former wife, was listed as the beneficiary on both accounts. The account holders instructed the estate that it would need to present either an order directing that the funds be transferred to the estate or a signed waiver from Allison. Allison refused to sign the waiver.

On June 26, 2023, the estate filed the underlying declaratory judgment action, seeking a determination that Allison's interest in Gregory's retirement accounts had been validly waived by their marital settlement agreement (hereinafter the MSA), which was incorporated into their March 14, 2017, decree of dissolution. The complaint alleged that the MSA provided, relevantly, that Gregory was "to retain all retirement accounts and pensions plans currently titled in his name and [Allison] shall not make any claim against [his] retirement." The complaint further requested that the court enter an order directing the transfer of

the retirement funds to the estate, claiming that Gregory had devised the funds to his niece via a September 2, 2022, holographic will. Allison answered the complaint on August 10, 2023, admitting that the MSA waived her marital interest but denying that she was precluded from receiving the benefits of Gregory's retirement accounts as a gift.

On September 27, 2023, the estate filed a motion for summary judgment, arguing that there were no issues of material fact and that it was entitled to judgment as a matter of law because the MSA revoked any and all interest Allison held in Gregory's retirement accounts. In support, the estate cited *Sadler v. Van Buskirk*, 478 S.W.3d 379 (Ky. 2015), and *Colonial Life & Accident Insurance Company v. Estate of Stewart*, No. 819 F. App'x 318 (6th Cir. Jun. 23, 2020) (unpublished).

Allison responded asserting that summary judgment was both premature and unmerited. Regarding the former claim, Allison argued that she had been afforded an insufficient opportunity to conduct discovery, the estate's motion for summary judgment having been filed three months after the complaint and only forty-eight days after Allison's timely answer. Allison asserted that discovery was needed on issues of material facts, such as the validity of Gregory's holographic will and whether Gregory had removed her as the beneficiary from any of his other accounts (relevant to his intent), and she stated that she needed to review the

signed beneficiary designation forms, which she had not seen, and the terms of the retirement accounts in order to present a complete defense.

As for whether the estate was entitled to a judgment in their favor, Allison conceded that she was barred by the terms of the MSA from making any marital claim to Gregory's retirement benefits, but she asserted that the agreement did not preclude Gregory from naming her as his beneficiary or prevent her from accepting the funds as a gift. She argued that Kentucky Revised Statutes (KRS) 391.360 mandates that the retirement funds be distributed in accordance with the beneficiary designation and that to disregard the designation would impermissibly infringe on Gregory's constitutional right to contract, as established in Article 1, Section 10 of the United States Constitution.

In a pre-hearing memorandum, the estate disputed Allison's claim that she had not been afforded sufficient time for discovery. Despite noting that the cases were factually dissimilar, the estate cited to *Troxell v. McCreary County Detention Center*, No. Civ. A. 605-31 DCR, 2006 WL 897186 (E.D. Ky. Apr. 4, 2006) (unpublished), urging the court to likewise use common sense and reject Allison's assertion.

The court continued the hearing on the estate's motion for summary judgment at Allison's request due to her counsel's unavailability. Before the hearing was rescheduled, the estate filed a renewed motion for summary judgment,

requesting that the court rule on the pleadings alone. The court agreed, but it ordered the parties to submit additional responses.

In her supplemental response, Allison argued that *Troxell* was not applicable to her claim that summary judgment was premature because, unlike that litigant, she had specifically identified what information she sought to obtain through discovery. She also reiterated that the estate had still not provided the beneficiary designations that were at issue to even know when the documents were executed and whether it was pre- or post-dissolution. She argued that Kentucky Rule of Civil Procedure (CR) 56.03 presumes that discovery will be completed prior to a ruling on a motion for summary judgment and that she was not afforded sufficient time to conduct her discovery prior to the estate's motion. She also cited the Kentucky cases of *Pendleton Bros. Vending Inc. v. Commonwealth Finance & Administration Cabinet*, 758 S.W.2d 24, 29 (Ky. 1988); *Conley v. Hall*, 395 S.W.2d 575, 580 (Ky. 1965); and *Suter v. Mazyck,* 226 S.W.3d 837 (Ky. App. 2007), for their holdings that a party opposing summary judgment must be given an ample opportunity to complete discovery.

Allison attached an affidavit to her supplemental response, wherein her counsel stated that she had sent multiple emails to opposing counsel in an effort to resolve the matter amicably in lieu of immediately engaging in costly

discovery. She further stated her belief that additional discovery would produce information establishing a genuine issue of material fact.

In its supplemental reply, the estate disputed Allison's claim that her requested discovery would produce relevant information, noting that the validity of Gregory's holographic will was immaterial to whether Allison waived her rights to the funds in the MSA. And the estate requested a judgment in its favor.

On February 23, 2024, the court entered a "Notice of Compliance," wherein it noted that neither party had filed the MSA into the record, and so the document was entered *sua sponte* by the court after the estate complied with its request to provide a copy. Thereafter, on February 27, 2024, the court entered an order granting summary judgment. In the order, the court determined that Allison had an ample time for discovery and rejected her claims that additional discovery would lead to information establishing a material issue of fact before ultimately concluding that the MSA invalidated Gregory's beneficiary designations. This appeal timely follows.

**ANALYSIS**

On appeal, Allison argues that the court prematurely granted summary judgment without affording her an ample opportunity for meritorious discovery. The estate disagrees, reiterating the arguments it made to the circuit court and again citing *Troxell*, *supra*, in support, as well as Federal Rules of Civil Procedure

-6-

(FRCP) 26(b)(1).  We are unpersuaded by the estate's claims, and we agree with Allison that the court erred.

CR 56.01 provides that a claimant "may, at any time, . . . move with or without supporting affidavits for a summary judgment . . ." in his or her favor. And CR 56.03 instructs that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  However, the Supreme Court of Kentucky "has cautioned trial courts not to take up these motions prematurely and to consider summary judgment motions 'only after the opposing party has been given ample opportunity to complete discovery.'" *Blankenship v. Collier*, 302 S.W.3d 665, 668 (Ky. 2010) (quoting *Pendleton Bros.*, 758 S.W.2d at 29).

Thus, on appeal, in addition to reviewing the merits of a trial court's summary judgment ruling *de novo* to determine whether the record reflects a genuine issue of material fact, we "must also consider whether the trial court gave the party opposing the motion an ample opportunity to respond and complete discovery before the court entered its ruling." *Id.*  "[T]he trial court's determination that a sufficient amount of time has passed and that it can properly take up the summary judgment motion for a ruling is reviewed for an abuse of

discretion." *Id.* An abuse of discretion occurs when "the trial [court]'s decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000) (citing *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

Here, the estate filed its motion approximately three months after the underlying petition, and, though the record does not disclose when Allison was served, the motion was filed only 48 days after Allison filed her answer. Conversely, in *Freeman v. Logan*, 475 S.W.2d 636 (Ky. 1972), cited in support by the trial court, seven months had elapsed without the party opposing summary judgment taking any discovery action.

In addition to the relatively brief time period permitted for discovery in this matter, the court was convinced that the information Allison sought was wholly immaterial to the issue at law, which was whether the MSA invalidated the beneficiary designations naming Allison. If true, this would weigh in favor of the court's determination to take up the merits of the motion. Relevant to this issue, the court asserted that the MSA post-dated the beneficiary designation at issue; however, we disagree that the record establishes this fact. The beneficiary designation is not part of the record on appeal, and the complaint merely stated that Gregory named Allison as the beneficiary during their marriage, and at the time of Gregory's death five years later, Allison was still listed as the beneficiary. This

does not foreclose the possibility that Gregory affirmatively designated Allison as his beneficiary after the dissolution, a fact Allison specifically requested discovery on in her supplemental response. And, if the designation was made post-MSA, it is factually distinct from the authority on which the estate relied in its claim for judgment as a matter of law. *Compare Sadler*, 478 S.W.3d at 381, wherein the court specifically stated that the decedent "never formally altered" his beneficiary designation executed during the marriage naming his former spouse. It is also contrary to the court's analysis that Allison could not prove a gift merely by Gregory's failure to change the designation.

Accordingly, we conclude that the court abused its discretion in denying Allison a reasonable period for discovery and ruling on the motion for summary judgment.

## CONCLUSION

For the foregoing reasons, the judgment of the Franklin Circuit Court is VACATED and the matter is REMANDED for additional proceedings.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Teresa M. Kinberger
Louisville, Kentucky

BRIEF FOR APPELLEES:

John B. Baughman
Moira M. Wingate
Frankfort, Kentucky